**STATE of Tennessee, Appellee,**

v.

**Joseph William BURRUS, Appellant.**

Court of Criminal Appeals of Tennessee, at Jackson.

April 24, 1985.

Permission to Appeal Denied by Supreme Court July 8, 1985.

Bill Hymers, Jackson, for appellant.

W.J. Michael Cody, Atty. Gen. & Reporter, Gordon W. Smith, Asst. Atty. Gen., Nashville, Roger D. Moore, Asst. Dist. Atty. Gen., Jackson, for appellee.

## OPINION

DWYER, Judge.

Appellant was convicted for the offense of aggravated assault, *see* T.C.A. § 39-2-101, for which he received a sentence of five (5) years. He appeals as of right, asserting several issues.

First, we will review the evidence. State's witness Jeanette Scott testified that in late August, 1983, she, her one-year-old son, appellant, and his two sons left Fresno, California, en route to Clarksville, Tennessee, to visit Ms. Scott's brother. She related that in Nevada, appellant gambled away their money, refused to let her leave, and beat her. In Oklahoma, when she re-

turned to her son, who she had left alone with appellant, the child's mouth was bleeding, and there was blood on a wash cloth in the bathroom. Appellant told her that her son had been "bad." During the trip, appellant spanked the child several times.

They arrived in Jackson, Tennessee, and took a room at the Regency Inn. She had been driving, appellant was on the passenger side, and the children were in the back of the car. Ms. Scott went in to the clerk. Soon thereafter appellant came in with Ms. Scott's son. Ms. Scott took her son up to the room. She then noticed that her child's leg was swollen.

She wanted to take him to the doctor but appellant said there was no need to do that. After she put ice on the child's knee, he fell asleep. A few hours later, the child began crying, and Ms. Scott took him to the Jackson-Madison General Hospital.

The examining physician at the hospital testified that she found the child to have middle ear infections in both ears, a small, healing cut on the tip of his tongue, and another on his lower lip. She noticed swelling around the left knee, bruises on the left arm, chest, and both thighs, bruises and abrasions on the buttocks, and bruises and swelling of the scrotum. X-ray examinations revealed that the child's leg was fractured in two places. The doctor was of the opinion that the fractures had occurred recently and at the same time.

A Jackson police officer testified that after receiving the child abuse complaint, he proceeded to the Regency Inn and questioned appellant. Appellant, at first, told the officer his name was Joe Scott, but later he gave his correct name.

Appellant testified that the child's lip injury, which occurred in Oklahoma, was caused when he tripped while carrying the child, and the child struck the toilet. He related that Ms. Scott jerked her son out of the car by the legs during the trip to Jackson. He denied abusing the child. When he noticed that the child's leg was swollen at the Jackson motel, he told Ms. Scott to take the child to the hospital.

An employee of the Madison County Department of Human Services testified that

during visits with his mother, the child on some, but not all occasions, fretted, cried, and resisted going to his mother. An employee of the Madison County Sheriff's Department testified that on many visits the child cried and reached out for others present when the mother held him.

We have examined the "similar situation," as described by appellant, in *State v. Hix*, Macon County No. 83–99–III, (Tenn. Crim.App., Nashville, February 29, 1984). In *Hix* we reversed the convictions for child abuse of a husband and wife due to the insufficiency of the evidence. In that case the evidence supported a finding that their child had been abused, but it did not support a finding "that either or both of appellants inflicted the injuries." The case *sub judice* is distinguishable from the situation presented in *Hix*. In both cases, there were no eyewitnesses to the crime. However, in *Hix* we noted that none of the appellants' various statements as to how the injuries might have occurred was significantly incriminating. In the case *sub judice*, the victim's mother testified as to incidences which inferred that appellant was responsible for breaking the child's leg.

■ The jury's guilty verdict accredits the testimony of the State's witnesses. *State v. Hatchett*, 560 S.W.2d 627, 630 (Tenn.1978). Under the strongest legitimate view of the evidence in favor of the State's theory, *State v. Cabbage*, 571 S.W.2d 832, 836 (Tenn.1978), we conclude that any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *State v. Williams*, 657 S.W.2d 405, 410 (Tenn.1983); T.R.A.P. 13(e). This issue is overruled.

■ Appellant also asserts that the element of venue was not established. The victim's mother testified that upon arriving in Jackson, she left her son with appellant while she obtained a motel room. After going to the room she noticed that her son's leg was swollen. A few hours later, at the hospital, it was determined that the child's leg was fractured and the fractures

appeared to the examining doctor to have occurred recently. We conclude that this evidence is sufficient to show that the aggravated assault was committed in Jackson, Tennessee, based on a preponderance of the evidence. *State v. Baker*, 639 S.W.2d 670, 672 (Tenn.Crim.App.1982). We may take judicial notice of the fact that Jackson, Tennessee, is in Madison County. *Tennessee Blue Book 1983–1984*, p. 465; *Hopson v. State*, 201 Tenn. 337, 299 S.W.2d 11 (1957). This issue is overruled.

■ In the next issue, appellant contends that the trial court erred in admitting evidence that concerned acts that occurred outside Tennessee. The State's witness, the victim's mother, testified concerning incidents where appellant mistreated her and the child outside Tennessee during the week or so preceding the discovery in Jackson that the child had a fractured leg. We conclude that the evidence's probative value was not outweighed by its prejudicial effect. *Bunch v. State*, 605 S.W.2d 227, 229 (Tenn.1980). The evidence was relevant to show intent and absence of mistake or accident. This issue is overruled.

■ Next, appellant contends that a fatal variance exists between the indictment and the proof. *See, State v. Moss*, 662 S.W.2d 590 (Tenn.1984). He contends the proof does not support a finding that the child's injury was connected to an intentional or reckless act by appellant. For the reasons set forth in the first two issues, we conclude that there is no fatal variance between the proof and the indictment charging appellant with aggravated assault, such that he could have been misled at trial or subject to another prosecution for the same offense. *See State v. Moss*, *supra* at 592. This issue is overruled.

■ Appellant asserts that the prosecution was involved in a conflict of interest because the wife of the prosecuting assistant attorney general represented the co-indicted state's witness, Jeanette Scott. *See* A.B.A., Standards for Criminal Justice 3–1.2 (1980). Assuming, *arguendo*, that a conflict was present, we fail to see how appellant was prejudiced. This issue is overruled.

■ Appellant argues that the trial court erred by denying his motion to subpoena and advance costs for four prospective defense witnesses. *See* Tenn.R.Crim.P. 17(b); T.C.A. § 40–17–201, *et seq*. An affidavit by appellant's attorney states that he drew affidavits and sent them to each prospective witness, requesting them to return the form, signed and notarized. The record contains copies of the unsigned affidavits sent by the attorney. Basically, these witnesses allegedly would have testified that they had never seen appellant mistreat the victim, and one would have testified about specific occurrences where Ms. Scott mistreated her son. None of the witnesses had any knowledge concerning the events in Madison County. Under these circumstances, we see no abuse of discretion in denying appellant's motion. *See State v. Workman*, 667 S.W.2d 44 (Tenn.1984). This issue is overruled.

■ Next, appellant contends that the trial court erred by denying his motions for a continuance. Originally, a January 20, 1984, trial date was set. Appellant filed a motion for continuance on January 4, 1984, alleging that due to the other cases, he needed more time to prepare. On January 9, 1984, the trial judge denied the motion but indicated that he might reconsider. Appellant filed an addendum to the motion on January 16, 1984. On January 20, 1984, appellant filed a second addendum to his motion, consisting of an affidavit of counsel concerning his inability to secure the out-of-state witnesses. Although no order appears in the record, the trial was apparently continued to February 2, 1984. On this date, appellant filed another motion for a continuance in order to obtain the attendance of an out-of-state witness. We have already concluded that the trial court did not err by denying appellant's motion to subpoena and advance costs for the prospective out-of-state witnesses. Likewise, we do not see an abuse of discretion of the trial judge in denying appellant's motions for continuance based upon his desire to secure these witnesses. With no abuse of discretion, the denial of the continuance by the trial court is upheld. *Moorehead v.*

*State,* 219 Tenn. 271, 409 S.W.2d 357 (1966). This issue is overruled.

█ Appellant contends that the trial court erred by not dismissing the indictment on the ground that the testimony at the preliminary hearing was not fully recorded. He argues that due to the absence of the record, his ability to impeach the examining doctor at trial with an alleged prior inconsistent statement was rendered impossible. The record, however, reflects that appellant acknowledged that the attorney who represented him at the preliminary hearing was available. In other words, if there was an alleged inconsistent statement, the attorney could have been able to impeach the doctor. In addition, as the State points out, there is nothing in the record other than the assertion in open court by counsel that a full recording of the hearing was unavailable. There was no proffer of proof. *See* T.R.A.P. 36. This issue is overruled.

█ Appellant submits that it was error for the trial court to instruct the jury on the entire aggravated assault statute, T.C.A. § 39–2–101. Appellant points out that under the facts of this case, T.C.A. § 39–2–101(b)(2), (injury caused by deadly weapon), and T.C.A. § 39–2–101(b)(4), (parent or custodian who refuses to protect child), have no relevance and should not have been charged. The State concedes this error but argues that the error was harmless. We agree with the State. From the record, it is plainly evident that the jurors were aware that a deadly weapon was not involved and that appellant was not the victim's parent or custodian; therefore, we find no prejudice resulted. *See State v. Laney,* 654 S.W.2d 383, 388–389 (Tenn.1983).

█ In the next issue, appellant contends that the trial court erred by instructing the jury on aiding and abetting. Under appellant's theory, Ms. Scott inflicted the injuries upon the victim. He testified that Ms. Scott had mistreated her son on prior occasions; that when the child started crying at the motel room in Jackson, he thought to himself, "Oh no, here we go again"; and that he examined the child's leg and determined that it was either sprung or broken. Regardless of these events, he failed to notify the authorities. He asked Ms. Scott what she was going to tell the police and the people at the hospital. Under these circumstances it was not error to instruct the jury concerning aiding and abetting because the evidence supports such a possible finding. *See Flippen v. State,* 211 Tenn. 507, 514, 365 S.W.2d 895, 898–899 (1963).

█ Appellant contends that the trial court erred by failing to charge the jury as to assault and battery, described by appellant as a lesser included offense of aggravated assault with reliance on *Howard v. State,* 578 S.W.2d 83 (Tenn.1979) and T.C.A. § 40–18–110. With no evidence to support such a charge in the record, there is no error here. *State v. Barker,* 642 S.W.2d 735, 738 (Tenn.Crim.App.1982).

█ The appellant also contends that the trial court improperly commented on the evidence in violation of the Tennessee Constitution. *See* Tenn. Const. art. VI, § 9. Appellant waived this issue by failing to include it in his motion for a new trial. *Hemby v. State,* 589 S.W.2d 922 (Tenn. Crim.App.1978).

█ The last issue: Appellant asserts that he was improperly sentenced. At the outset, appellant concedes that the sentence was properly within Range 1. Under such circumstances, it is not excessive. *State v. Webb,* 625 S.W.2d 281, 285 (Tenn. Crim.App.1980). He also argues that his sentence is disparate to Ms. Scott's subsequent sentence. Without the sentence of Ms. Scott in the record, this issue cannot be considered. Finally, assuming her sentence was quite less than appellant's, it would not make his sentence improper. This issue is overruled.

All issues having been overruled, the judgment of the trial court is affirmed.

O'BRIEN and DUNCAN, JJ., concur.