**STATE of Tennessee, Appellee,**

v.

**James Larry WOODS, Appellant.**

Court of Criminal Appeals of Tennessee, at Knoxville.

Nov. 14, 1988.

Permission to Appeal Denied By Supreme Court Dec. 12, 1988.

Eric D. Christiansen, Russell D. Mays, Greeneville, for appellant.

W.J. Michael Cody, Atty. Gen. and Reporter, Miriam Nabors Banks, Asst. Atty. Gen., Nashville, Cecil C. Mills, Jr., Asst. Dist. Atty. Gen., Greeneville, for appellee.

OPINION

WADE, Judge.

The defendant, James Woods, was convicted of grand larceny and sentenced to

four years imprisonment as a Range I offender. In this appeal, he presents one issue contesting an instruction given to the jury:

Did the aiding and abetting exception added by the Trial Court to the alibi charge abrogate the State's burden of proving beyond a reasonable doubt the defendant's presence at the commission of the crime?

This court finds that it did not and affirms the judgment of the trial court.

The State's evidence adduced at trial showed that on June 29, 1987, the defendant took an acquaintance, Marvin Armstrong, to a field near his home to show him a tractor belonging to Kenneth Marshall. Armstrong paid the defendant $250 for the tractor. The two then loaded the tractor onto a trailer rented from the local U–Haul company and transported it to Armstrong's home in Virginia.

The next day, Marshall reported the missing tractor to law enforcement officials. The Greene County Sheriff's Department traced the tractor through the records of the U–Haul company and arrested Armstrong. Armstrong subsequently implicated the defendant.

The defense presented at trial was one of alibi. Several witnesses corroborated the defendant's testimony by testifying that they spent the evening of June 29th with the defendant. In a pre-trial statement to police, the defendant, while denying any involvement in its theft, did admit that he knew Armstrong had the tractor. He also said that he talked to a person named Doug Shelton in an attempt to set up an alibi for Armstrong for stealing some furniture.

At trial the jury received instructions on both aiding and abetting and the alibi defense. A portion of the alibi charge is the subject of this appeal:

An alibi is defined as evidence which if believed would establish that the defendant was not present at the scene of the alleged crime when it occurred. If the defendant was not present when the crime was committed, he cannot be guilty.

The burden is on the State to prove beyond a reasonable doubt that the defendant was at the scene of the crime when it was committed. If you find from the consideration of all the evidence that the State has failed to prove beyond a reasonable doubt that defendant was at the scene of the crime when it was committed, you must find the defendant not guilty, *unless you find that he was aiding and abetting as explained in the charge on aiding and abetting.* (emphasis added.)

The defendant argues that the underlined supplement pre-empted his alibi defense by relieving the State from its obligation to prove the defendant's presence at the crime.

The instruction provided the jury on aiding and abetting comports with T.P.I.—Crim. 3.02:

The law does not require a strict, actual eyewitness presence at the scene of the crime. Only a constructive presence is necessary to charge one as an aider and abettor. As a general rule, one is deemed to be constructively present if he is at the time performing any act in furtherance of the felony, or is *in a position to give information which would aid the actual perpetrator or which would prevent others from discouraging and stopping the perpetrator.* It is immaterial at what distance the alleged aider and abettor may be from the scene of the crime. (emphasis added.)

*See State v. Stapleton,* 638 S.W.2d 850, 858 (Tenn.Crim.App.1982); *Anglin v. State,* 553 S.W.2d 616, 619 (Tenn.Crim.App. 1977).

On the one hand, under the alibi instruction the defendant's absence when the crime was committed cannot result in a finding of guilt; on the other hand, defendant's "absence" when the crime was committed can result in a finding of guilt under the aider and abettor instruction.

The trial judge recognized this contradiction resulting from inclusion of the aiders and abettors and alibi instructions in

the same charge. The supplement by the trial judge alleviated the confusion.

In this instance, Armstrong identified the defendant as the seller. The defendant admitted in a pre-trial statement that he knew Armstrong had the tractor in question; in fact, the defendant intended to help him obtain an alibi for the theft of furniture. With this knowledge, the defendant failed to notify authorities. *State v. Burrus*, 693 S.W.2d 926, 930 (Tenn.Crim.App. 1985). The evidence "warranted the jury in finding the defendant was not the only person who was culpable in [this crime], and it was incumbent on the trial judge to instruct the jury on the law applicable to the case." *State v. Lequire*, 634 S.W.2d 608 (Tenn.Crim.App.1981); *See also Hall v. State*, 584 S.W.2d 819 (Tenn.Crim.App. 1979).

The defendant does not quarrel with the trial court's decision to charge alibi, only its supplement. The issue was proper for jury consideration. T.P.I.—36.01.

It is the duty of the trial judge to instruct the jury as the facts and circumstances demand. *State v. Harbison*, 704 S.W.2d 314, 319 (Tenn.1986); *State v. Thompson*, 519 S.W.2d 789, 792 (Tenn. 1975). There were facts upon which the jury might determine the defendant's guilt either as a principal party or an aider and abettor. The circumstances required both alibi and aiding and abetting instructions. The modification was a reasonable precaution made in an attempt to avoid jury confusion.

The judgment of the trial court is accordingly affirmed.

DAUGHTREY and BIRCH, JJ., concur.