# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT JACKSON

### SEPTEMBER SESSION, 1997

**FILED**

October 13, 1997

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| **STATE OF TENNESSEE,** | **)** | **C.C.A. NO. 02C01-9608-CC-00289** |
| | **)** | |
| Appellee, | **)** | |
| | **)** | |
| | **)** | **TIPTON COUNTY** |
| **VS.** | **)** | |
| | **)** | **HON. JOE H. WALKER** |
| **JAMES EARL SOMERVILLE,** | **)** | **JUDGE** |
| | **)** | |
| Appellant. | **)** | (Arson and Presenting Fraudulent |
| | **)** | Insurance Claim) |

## ON APPEAL FROM THE JUDGMENT OF THE
## CIRCUIT COURT OF TIPTON COUNTY

FOR THE APPELLANT:

BRETT B. STEIN
100 N. Main, #3102
Memphis, TN 38103

FOR THE APPELLEE:

JOHN KNOX WALKUP
Attorney General and Reporter

DARYL J. BRAND
Assistant Attorney General
425 5th Avenue North
Nashville, TN 37243

ELIZABETH RICE
District Attorney General

WALT FREELAND
Assistant District Attorney General
302 Market Street
Somerville, TN 38068

OPINION FILED _____

AFFIRMED

DAVID H. WELLES, JUDGE

# OPINION

The Defendant was convicted on a jury verdict of one count of arson and one count of presenting a false or fraudulent insurance claim in excess of one thousand dollars.[1] He appeals from his convictions as of right pursuant to Rule 3 of the Tennessee Rules of Appellate Procedure. We affirm the judgment of the trial court.

The Defendant's convictions came as the result of the destruction by fire of a house which he owned in Covington, Tennessee. In the arson charge, it was alleged that the Defendant burned his house without the consent of the bank which held a mortgage on the house. In the making of a false or fraudulent insurance claim charge, it was alleged that the Defendant made a claim with his insurance company for items which were not in fact located in the house at the time the house burned.

In this appeal, the Defendant argues three issues: (1) That the evidence presented at trial is insufficient to support the finding of guilt beyond a reasonable doubt; (2) that the trial court erred in its instructions to the jury concerning the defense of alibi; and (3) that the trial court erred in its instructions to the jury concerning reasonable doubt.

---

[1]Tenn. Code Ann. §§ 39-14-301; 39-14-133.

We first address the issue of the sufficiency of the convicting evidence.[2]

When an accused challenges the sufficiency of the convicting evidence, the standard is whether, after reviewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319 (1979). Questions concerning the credibility of the witnesses, the weight and value to be given the evidence, as well as all factual issues raised by the evidence, are resolved by the trier of fact, not this court. State v. Pappas, 754 S.W.2d 620, 623 (Tenn. Crim. App. 1987). Nor may this court reweigh or reevaluate the evidence. State v. Cabbage, 571 S.W.2d 832, 835 (Tenn. 1978).

A jury verdict approved by the trial judge accredits the State's witnesses and resolves all conflicts in favor of the State. State v. Grace, 493 S.W.2d 474, 476 (Tenn. 1973). On appeal, the State is entitled to the strongest legitimate view of the evidence and all inferences therefrom. Cabbage, 571 S.W.2d at 835. Because a verdict of guilt removes the presumption of innocence and replaces it with a presumption of guilt, the accused has the burden in this court of illustrating why the evidence is insufficient to support the verdict returned by the trier of fact. State v. Tuggle, 639 S.W.2d 913, 914 (Tenn. 1982); Grace, 493 S.W.2d at 476.

---

[2]The Defendant has appealed from both convictions. His argument concerning the sufficiency of the convicting evidence appears to address only the conviction of arson. Because no arguments are made concerning sufficiency of the convicting evidence for the insurance fraud conviction, and because no references to the record are made pointing out alleged evidentiary shortfalls for that conviction, the issue would normally be waived. Nevertheless, we have examined the evidence presented concerning the conviction for presenting a false or fraudulent insurance claim (Tenn. Code Ann. § 39-15-133) and we conclude that the evidence is sufficient to support the finding of guilt beyond a reasonable doubt.

A crime may be established by circumstantial evidence alone. State v. Tharpe, 726 S.W.2d 896, 899-900 (Tenn. 1987). However, before an accused may be convicted of a criminal offense based only upon circumstantial evidence, the facts and circumstances "must be so strong and cogent as to exclude every other reasonable hypothesis save the guilt of the defendant." State v. Crawford, 225 Tenn. 478, 482, 470 S.W.2d 610, 612 (1971). In other words, a "web of guilt must be woven around the defendant from which he cannot escape and from which facts and circumstances the jury could draw no other reasonable inference save the guilt of the defendant beyond a reasonable doubt." 225 Tenn. at 484, 470 S.W.2d at 613.

The Defendant's former wife testified that a couple of months before the house burned, she had asked the Defendant to pay her some child support for their children. She said the Defendant told her not to worry about child support money, because he was going to burn his house down and he would give her some money from the insurance proceeds. She also testified that he had made a prior statement about burning the house.

Jerry Lee Hall, whose nickname was "Tojo" testified that around dark on the night that the house burned, he helped one Bobby Smith move furniture out of the house. He testified that while they were moving the furniture, the Defendant came by the house and talked to Bobby Smith. The witness testified that he did not know why they were moving the furniture but that he was paid to help Bobby Smith move the furniture. He further testified that the day before the trial the Defendant came to him and asked him to change his testimony.

Pearllie Lois Hoover testified that she was a neighbor who lived near the house that burned. Early in the evening of the night that the house burned, she saw people moving furniture out of the house. One of the people he saw was "Tojo." The truck she saw moving the furniture was Bobby Smith's truck.

Captain Tommy Dunavent, the arson investigator for the Covington, Tennessee fire department, was qualified as an expert witness and testified that the fire was "an arson fire." He stated that he found three separate points of origin of fire and found no evidence to indicate a natural or accidental cause of the fire. He testified that the fire department had responded to the fire at 1:38 a.m.

The day after the fire, the Defendant filed a claim with his insurance company showing a loss totaling thirty-five thousand one hundred and forty-five dollars ($35,145.00). The amount of insurance coverage was thirty-five thousand dollars ($35,000.00). The tenant who was renting the house from the Defendant at the time of the fire testified that numerous items listed on the insurance claim filed by the Defendant were not in fact in the house at the time of the fire and had not been for some period of time. He testified regarding other discrepancies between the items listed on the insurance claim form and the items destroyed in the fire. This witness also testified that the Defendant told him some four to six months before the fire that the Defendant wanted to burn the house down so he could build another one. The witness said that he thought the Defendant was joking when he made that statement.

The Defendant did not testify. His girlfriend testified that at the time of the fire the Defendant lived with her. She said that on the night of the fire, the Defendant was at her home when she got in from work at about 10:20 or 10:30 that night. She stated that the Defendant spent the rest of the night with her and that he did not leave during the night.

In arguing against the sufficiency of the convicting evidence, the Defendant primarily argues that the evidence is not sufficient because the jury should not have believed the testimony presented by the State's witnesses and should have believed the testimony of the Defendant's girlfriend who "furnished a legitimate and believable alibi for the Appellant." It is clear from the verdict, however, that issues concerning the credibility of the witnesses and the weight and value to be given the evidence, were resolved by the jury against the Defendant. As we have stated, this Court may not reweigh or reevaluate the evidence once the jury has done so. We conclude that the evidence is sufficient to support the findings by the jury of guilt beyond a reasonable doubt. This issue is without merit.

The Defendant next argues that the trial judge erred in its instructions to the jury concerning the defense of alibi. The court instructed the jury as follows:

> The Defendant presented evidence of an alibi in this case. An alibi is defined as evidence which, if believed, would establish that the Defendant was not present at the scene of the alleged crime when it allegedly occurred. If the Defendant was not present when the crime was committed, then he cannot be guilty <u>unless you find the Defendant procured someone else to commit arson</u>.

The Defendant argues that the underlined portion of the above charge amounts to a direct comment on the evidence by the judge and thus violates

Article VI, Section 9 of the Tennessee Constitution. We disagree. The trial court properly instructed the jury that the burden was on the State to prove the elements of the offense beyond a reasonable doubt. The judge instructed the jury that the State must prove that the Defendant was at the scene of the crime when it was committed. The judge had also instructed the jury concerning the law of criminal responsibility for the conduct of another. We believe that the trial judge recognized the apparent contradiction resulting from these proper instructions and that the underlined portion of the instruction was a reasonable precaution made in an attempt to avoid or alleviate jury confusion regarding the instructions. See State v. Woods, 764 S.W.2d 217, 218 (Tenn. Crim. App. 1988). We do not believe that the underlined portion of the instruction had the effect of giving the jury any impression as to the trial judge's feelings concerning the credibility of the witnesses or the evidence in the case. This issue is without merit.

As his final issue, the Defendant argues that the trial judge erred in instructing the jury concerning the meaning of "reasonable doubt" because the instruction told the jury that "absolute certainty" is not required to convict. The court's instruction on reasonable doubt was as follows:

> A reasonable doubt is a doubt based upon reason and common sense after careful and impartial consideration of all the evidence in the case. It's not necessary that the defendant's guilt be proven beyond all possible doubt, as absolute certainty of guilt is not demanded by the law to convict of any criminal charge. A reasonable doubt is just that, a doubt that is reasonable after an examination of all the facts in the case. If you find the State has not proven every element of the offense beyond a reasonable doubt, then you should find the defendant not guilty.

The Defendant argues that by including the "absolute certainty" language, the instruction could be construed as the judge's commenting upon the evidence in the case and also dilutes the importance of the State's burden of proving guilt beyond a reasonable doubt.

We note that the Defendant neither objected to this portion of the charge nor requested additional instructions concerning the meaning of "reasonable doubt." As the State points out, this Court has previously examined a near identical charge concerning reasonable doubt. While we expressed some concerns regarding the instruction, we were unable to conclude that use of the instruction constituted reversible error. State v. Derek Denton, C.C.A. No. 02C01-9409-CR-00186, Shelby County, (Tenn. Crim. App., Jackson, Aug. 2, 1996). In the case sub judice, we also conclude that the trial judge's instruction concerning reasonable doubt does not constitute reversible error.

The judgment of the trial court is affirmed.

_____
DAVID H. WELLES, JUDGE

CONCUR:

_____
JOE B. JONES, PRESIDING JUDGE

_____
JOE G. RILEY, JUDGE