The State *v.* Rigsby.

STATE OF TENNESSEE *v.* JOHN R. RIGSBY.

1. CRIMINAL LAW. *Evidence. Confession. Inducement.* The witness stated: "I told him not to tell on himself, but if there were others in with him, to tell it, we could then use him as a State witness against them. He then said he stole the horse, and no one else had anything to do with it." *Held*, though confessions made under persuasion or threats, however light or weak, must be excluded, this confession was voluntary.

2. SAME. *Continuance.* Granting continuances lies in the discretion of the trial judge, and this court will not disturb the exercise of that discretion, unless something is developed in the after trial to show that the defendant might have been prejudiced in some way by the refusal to grant a continuance.

FROM DEKALB.

Appeal in error from the Circuit Court of DeKalb county. W. N. McCONNELL, J.

CORLEY and CUMMINGS for Rigsby.

ATTORNEY-GENERAL LEA for the State.

EWING, Sp. J., delivered the opinion of the court.

The defendant was convicted of stealing a horse in DeKalb county, at the November term, 1880, of the circuit court for that county.   He has appealed in error to this court.

The errors complained of here are, that the circuit judge refused to continue his case upon certain affidavits for that purpose filed by himself; that he was refused a new trial upon the merits of the case and the affidavits of some other persons filed after the trial, and the admission by the judge of an alleged confession of the defendant.   Upon the trial, and as it took place, the guilt of the defendant was clearly made out without any necessity for a confession from him.   The confession charged to have been improperly admitted by the judge, was produced in this way: At the instance of the prosecutor, J. F. Mason, one Chas. Wilkinson went to the defendant when in prison to talk to him; the object of this talk, as stated by the witness, was that they (he and Mason) might find out whether there were others concerned in the stealing, as they believed that there were.   The witness Wilkinson, when on the stand, stated:  "I wanted to find out if there were any others in it, so we could use him as a witness.   I told him not to tell on himself, but if there were others in with him, to tell it, we could then use him as a State witness against them.   If there were others in with him, to make a clean swoop of it.   This was all I said.   He then said he stole the horse and no one else had anything

to do with it, and he was not going to raise any row about it, and that he wanted to submit his case."

Admitting the law to be as contended for by the defendant, that a confession made under persuasion or threats, however light or weak, should exclude it from the jury, where is there in this testimony any appearance even of persuasion or threat? The defendant is only asked to *confess* other people's sins, not his own, and is expressly told not to confess against himself. But he confesses his own guilt of his own motion, and says that nobody else was guilty. Certainly to let this go to the jury was not erroneous.

As to the affidavits filed for a continuance before the trial, the cause might, so far as appears upon the record, have been continued by the judge. They were affidavits, however, in regard to proof which would tend to show an *alibi*, a good defense if clearly made out, and the judge was taking some risk in refusing a continuance. But, in the nature of things, much must be left to the discretion of a circuit judge, who is presumed to have, and who has in fact so large an experience upon the subject of criminal trials, who knows the shifts, and devices, and false pretenses to which defendants resort in the hope of escape from justice, and that, to disturb the exercise of his discretion, there should be something developed in the after trial to show that the defendant might have been prejudiced in some way by the refusal to grant a continuance. In this case nothing of the kind was developed. There was a free confession of guilt by the defendant clearly proved. He was found in possession

The State *v.* Rigsby.

of the horse a few days after it was stolen, and does not pretend to give any account of his possession except by the testimony of an abandoned woman, whose falsehoods were so exposed as to render her testimony wholly worthless, and whose swearing, such as it was, was calculated rather to injure than aid the defendant. The introduction of a falshood into a criminal defense tends rather to incriminate than exonerate a defendant. The affidavits introduced upon the motion for a new trial, were to show an *alibi* and to contradict some immaterial statement said to have been made by the prosecutor before the trial. Certainly such affidavits *in such a case* could not be a sufficient ground for a new trial.

The judgment of the circuit court will be affirmed and the prisoner sent to the penitentiary. The costs will be paid according to law in such cases.