JIMMY MOOREHEAD

*v.*

STATE OF TENNESSEE.

409 S.W.2d 357.

(*Knoxville*, September Term, 1966.)

Opinion filed November 14, 1966.

JAMES G. NAVE, Cleveland, for plaintiff in error.

GEORGE F. McCANLESS, Attorney General, and THOMAS E. Fox, Assistant Attorney General, Nashville, for defendant in error; and JAMES P. WATKINS, District Attorney General, Loudon, and KENNETH DEATHERAGE, Assistant District Attorney General, Kingston, prosecuted case for the State in trial court.

MR. CHIEF JUSTICE BURNETT delivered the opinion of the Court.

The plaintiff in error was convicted of grand larceny and sentenced to serve three years in the State penitentiary. This conviction has been seasonably appealed, briefs filed and arguments heard.

In the outset in view of the disposition we find it necessary to make of this case we will not go into the facts. One of the errors assigned was that the trial judge in refusing to grant a continuance, even though a material witness under subpoena was not available, committed error. On the day the case was called for trial

and was heard, counsel for the plaintiff in error filed his affidavit in aid of his motion for a continuance. In the affidavit the counsel said:

"That Warren Austin is the only witness who was present in the automobile with the defendant, Jimmy Moorehead for a great period of time prior to the arrest of the defendant and who can testify as to the defendant's lack of guilt in receiving, buying or concealing of said automobile, as charged.

"That the said Warren Austin was tried in the Juvenile Court of Bradley County, on February 21, 1966, and sentenced to the State Vocational School at Nashville, Tennessee. That the attorney for Austin informed me that he was appealing the case and I had a subpoena issued for said witness on February 26, 1966, and only learned that he had been transported to the state institution on February 25, 1966, on the night of March 2, 1966."

Accompanying this affidavit was the written motion made by counsel to continue the case. Among other things in this motion it is said:

"Defendant avers that this witness is material to the defense of this case as he is the only witness who can prove that the defendant did not receive, buy or conceal the automobile of Billy D. Collins as alleged, knowing that the same had been stolen and can further testify that the defendant, Jimmy Moorehead, did not break into or steal the automobile of the said Billy D. Collins, and that said witness was under subpoena to this Court and is material to his defense."

Under this motion to continue which was filed on March 3, 1966, the day this case was called to trial, the following appears in the handwriting of the trial judge: "This motion is duly overruled. The defendant nor his attorney has informed the court in writing or orally what the witness would testify to that makes him material. 3-3-66 James C. Witt."

We find after reading this record that this witness, if he would so testify, though it may not be plainly or correctly stated in the affidavit, is the only one who can testify to certain facts to substantiate the plaintiff in error. There is nothing else in this record that would corroborate the plaintiff in error and his statements about this matter other than another witness by the name of Davis who says that the plaintiff in error, Moorehead, was invited to take a ride and that he went to ride with the witness, who is alleged to be material, and another boy that they can't find.

After the trial and under this record, it appears that this witness is a material witness in defense of the accused. Thus it is, as we see it, after the record turns out as it does, the trial judge should certainly have granted a new trial. There seems to be sufficient reasons stated in these affidavits to show why this witness was not present and that this witness is available in that he is in the Vocational School and can be brought back to testify.

So far as we can find, it has always been the rule in this State that a trial judge will not be put in error for denying a continuance unless it is shown that he has abused his discretion in doing so, because the granting or denying of a continuance is a matter which

addresses itself to the sound discretion of the trial judge. *Bass v. State*, 191 Tenn. 259, 231 S.W.2d 707, and many others. This Court has held though that it will not disturb the exercise of this discretion by the trial judge unless something is developed in the after trial to show that the defendant might have been prejudiced in some way by the refusal to grant a continuance. *State v. Rigsby*, 74 Tenn. 554. In this case, that is the *Rigsby* case, the Court delivered an opinion, which was handed down eighty odd years ago, and made this very apt statement, which is worthy of quotation when the Court said:

"* * * But, in the nature of things, much must be left to the discretion of a circuit judge, who is presumed to have, and who has in fact so large an experience upon the subject of criminal trials, who knows the shifts, and devices, and false pretenses to which defendants resort in the hope of escape from justice, and that to disturb the exercise of his discretion, there should be something developed in the after trial to show that the defendant might have been prejudiced in some way by the refusal to grant a continuance."

We think that even though the original affidavit for a continuance might not have been sufficient to put the trial judge in error in denying this continuance the case, as it developed, shows in our judgment the right of this accused to have this witness present and to testify on his behalf. It is for this reason alone that the judgment below is reversed and the cause remanded to the Criminal Court of Bradley County for a re-trial.