**Larry HILTON, Plaintiff-in-Error,**

**v.**

**STATE of Tennessee, Defendant-in-Error.**

Court of Criminal Appeals of Tennessee.

Oct. 1, 1973.

Certiorari Denied by Supreme Court
Nov. 19, 1973.

Thomas L. Rasnic, Franklin, for plaintiff in error.

David M. Pack, Atty. Gen., and Alex B. Shipley, Jr., Asst. Atty. Gen., Nashville, Carl K. Kirkpatrick, Dist. Atty. Gen., Blountville, for defendant in error.

## OPINION

DWYER, Judge.

The plaintiff-in-error appeals from two convictions by a jury with judgment imposed for violating the Tennessee Drug Control Act of 1971, T.C.A. § 52–1408 et seq.

The verdicts as returned found the defendant guilty of selling over one-half ounce of marijuana with resulting punishment of confinement for not more than three years and one day plus a fine of $1,000; for selling lysergic acid diethylomide (LSD) the punishment was affixed at confinement for not more than 12 years and one day plus a fine of $7,500. The trial court ordered that the sentences be served consecutively.

The plaintiff-in-error will be referred to here, as in the trial court, as the defendant. He is represented by retained counsel.

There is no assignment of error pertaining to the evidence but, in order to properly focus the assignments of error, we will briefly relate the evidence as we have found it.

The proof reflects that an undercover narcotic agent for the Tennessee Bureau of Investigation bought an ounce of marijuana from the defendant on Lynn Garden Drive in Kingsport on February 22, 1972. He paid the defendant $20 for the ounce.

On April 16, 1972, another undercover narcotic agent for the Kingsport Police Department purchased from the defendant two capsules of LSD and one ounce of marijuana. He paid the defendant $20 for the marijuana and $3 apiece for two tablets.

The respective agents forwarded the capsules and marijuana to the toxicologist office in Nashville where verification was made of the drugs.

The defendant was arrested on May 26, 1972, on a capias which had been issued after the Sullivan County Grand Jury returned presentments against him on May 26, 1972, after finding probable cause that he had made the sales of the prohibited drugs on the dates mentioned.

The defendant testified and related a history of involvement with drugs commencing in high school and continuing until the time of his arrest. He did not deny the presentment sales but testified that he could not remember.

■ His first assignment of error urges that the trial court erred in denying his motion for continuance. He supports this assignment with the assertion that the absence at trial of a doctor treating the defendant, denied him the right of calling a material witness. There is found in the record an affidavit by the doctor and considered by the trial court before overruling the defendant's motion for a new trial. It is true that the doctor had consulted with the defendant. However, it is not stated in the affidavit, nor does the affidavit con-

vey that the doctor had any awareness of the defendant's mental condition on the questioned dates, independent of what the defendant had told him. We do not believe the trial court under these circumstances abused its discretion in denying the continuance. See Moorehead v. State, 219 Tenn. 271, 274, 275, 409 S.W.2d 357. The assignment is overruled.

■ He next contends that the trial court erred in allowing the state to call a witness who was not listed on the presentment. We fail to see that the presence of this witness, who made the arrest, surprised defendant by being called to testify or that he suffered any prejudice because of the witness' not being listed on the presentment. See McBee v. State, 213 Tenn. 15, 27, 372 S.W.2d 173; Cook v. State, 3 Tenn.Cr.App. 685, 693, 694, 466 S. W.2d 530. The assignment is overruled.

■ He next urges that the trial court erred in overruling his plea in abatement as to the illegal composition of the grand jury in that there was a systematic inclusion or exclusion of its members by race, creed, color, economic conditions and age. Two of the jury commissioners were called by the defendant in support of his plea. The trial court found as fact no evidence from the testimony proffered of any systematic inclusion or exclusion. We agree from our review. On findings of fact and law, as here, by the trial court we give the ruling the weight of a jury verdict. See Bratton v. State, Tenn.Cr.App., 477 S.W.2d 754, 756. The defendant has not shown here that the evidence preponderates against his findings. Further, there is no order found in the minutes reflecting the trial court's action on his plea in abatement. In the absence thereof we cannot consider it or look to the bill of exceptions to supply it. See Gray v. State, 194 Tenn. 234, 241, 242, 250 S.W.2d 86. The assignment is overruled.

■ He next urges the trial court erred in allowing into evidence the commission of another crime by the defendant, unrelat-

ed to the presentment offenses. We agree this was error for it showed the defendant on another date sold a large quantity of LSD. However, where as here, he was tried without objection on two presentments alleging offenses on different dates and where he took the stand and related a long history of drug involvement, relating that he had a choice of selling drugs or stealing, this evidence did not affect the results. See T.C.A. § 27–117. The assignment is overruled.

He next contends he was deprived of the right of a preliminary hearing and that the presentments by the grand jury should not circumvent that statutory right. See T.C.A. § 40–1131. We find no merit here. The statute is only applicable prior to presentment or indictment. The grand jury in accordance with its constitutional prerogatives may, as here, return presentments with, as here, a capias being issued for the arrest of the defendant. See Shadden v. State, Tenn.Cr.App., 488 S.W.2d 54, 61. The assignment is overruled.

He next contends the court erred in excluding testimony which would go to the defendant's state of mind at the time of the sales. He reasons that the evidence showed defendant's involvement with law enforcement officers and their awareness of his problem and that they should have assisted him. He further reasons that by cooperating with the officers on drug sales that his arrest then somehow was entrapment. He further reasons that he was threatened by other persons so that he was coerced to the point of having to sell. The trial court held a full hearing out of the presence of the jury and allowed testimony by the witnesses for the record and ruled that it was incompetent. With this ruling we agree. The officer related that defendant had given him some information and that he had told defendant to see a physician. The other evidence was vague and hearsay as to any threats. Further, we fail to see where the defend-

ant can escape criminal responsibility by saying that the officers were under a duty to see that he received treatment. There is no evidence of entrapment. The assignment is overruled.

He lastly urges the trial court erred in overruling his motion that the Tennessee Drug Control Act of 1971 is unconstitutional. He does not support this assignment by pointing out what provisions of the Constitution are violated by the act. See Leeper v. State, 103 Tenn. 500, 510, 53 S.W. 962. He uses general terms that the act is vague and indefinite. The vagueness doctrine is predicated on fair play. See Colten v. Kentucky, 407 U.S. 104, 92 S.Ct. 1953, 1957, 32 L.Ed.2d 584. We find no unfairness in the act and think that men of common intelligence and understanding would comprehend that it is unlawful to sell controlled substances such as marijuana and LSD which have no accepted medical value. Nor do we think that the act confers upon commissioners an unlawful delegation of power which should be retained by the legislature alone. We think the act fashions a law which delegates to the commissioners the power only to determine some fact or state of facts upon which the law makes, or intends to make, its own action depend. See Leeper v. State, supra. It is not a delegation as we view it, of pure legislative power. See Houck v. Minton, 187 Tenn. 38, 47, 212 S.W. 2d 891. It does not give the commissioners the authority to make a violation of the Drug Control Act an infamous crime as urged. Nor do we think, that where, as here, the defendant sold marijuana and LSD, there is a breach by the legislature in its prohibition of these acts, of any constitutional provisions. Further, the act does not deprive anyone of the equal protection of the laws as defendant claims. Equal protection of the laws, as guaranteed by the Constitution of the United States, cannot be violated hypothetically as to an imagined class of people. Lacking a showing of the actual existence of discrimination, this contention is unsound. See

Queenside Hills Realty Co. v. Saxl., 328 U.S. 80, 84, 85, 66 S.Ct. 850, 90 L.Ed. 1096. In short, the act is not unconstitutional. The assignment is overruled.

The judgments entered in the trial court are affirmed.

WALKER, P. J., and OLIVER, J., concur.