# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE
Assigned on Briefs April 26, 2011

## BILLY JOE SMITH v. STATE OF TENNESSEE

**Appeal from the Circuit Court for Johnson County**
**No. 4284 & 4378      R. Jerry Beck, Judge**

_____

**No. E2010-00282-CCA-R3-PC - Filed September 6, 2011**

_____

In January 1995, a Unicoi County jury convicted the Petitioner, Billy Joe Smith, of aggravated robbery, aggravated kidnapping, aiding and abetting aggravated rape, and two counts of aggravated rape. The Petitioner was, thereafter, sentenced as a Range III, persistent offender to a total of 135 years in the Department of Correction. After this Court and our supreme court affirmed the Petitioner's convictions on direct appeal, the Petitioner filed a timely pro se petition for post-conviction relief. Following multiple appointments of counsel, amendments to the petition, and other procedural matters spanning ten years, the post-conviction court denied relief after a full evidentiary hearing.[1] On appeal, the Petitioner argues that the post-conviction court erred by (1) denying his motion to continue the evidentiary hearing based upon the unavailability of three material witnesses, (2) denying the Petitioner's motion to reopen his proof on evidentiary issues surrounding suppression of the evidence, (3) denying relief as to "all issues" raised by the Petitioner, and (4) failing to proceed with his post-conviction hearing in a timely manner. Following our review of the record and the parties' briefs, we conclude that the Petitioner has not shown that he is entitled to relief. The judgment of the post-conviction court is affirmed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court is Affirmed.**

DAVID H. WELLES, SP. J., delivered the opinion of the Court, in which THOMAS T. WOODALL and JOHN EVERETT WILLIAMS, JJ., joined.

C. Brad Sproles, Kingsport, Tennessee, for the appellant, Billy Joe Smith.

_____

[1] The matter was transferred to Circuit Court Judge R. Jerry Beck in Johnson County, who heard the case by interchange.

Robert E. Cooper, Jr., Attorney General and Reporter; Benjamin A. Ball, Assistant Attorney General; and Anthony Clark, District Attorney General, for the appellee, State of Tennessee.

## OPINION

## Factual Background

Following a jury trial in January 1995, the Petitioner was convicted of aggravated robbery, aggravated kidnapping, aiding and abetting aggravated rape, and two counts of aggravated rape. See Tenn. Code Ann. §§ 39-13-304, -402, and -502. Thereafter, the trial court found that the Petitioner was a Range III, persistent offender and imposed an effective sentence of 135 years in the Department of Correction.

On direct appeal, this Court summarized the facts, provided in pertinent part, as follows:

During the early morning hours of November 29, 1992, the [Petitioner] and a co-defendant, Terry Dean "Snuffy" Snead,[2] entered a convenience store in Carter County.[3] The female clerk asked the appellant if she could help him. He stated he was there to rob her. The [Petitioner] and Snead both brandished knives. The [Petitioner] told the clerk he wanted all the money in the store, and, if she did not cooperate, he would kill her. The clerk placed the proceeds of the cash register, approximately $500, in a paper sack and gave it to the [Petitioner]. The [Petitioner] and Snead forced the victim at knife point to accompany them. She was forced into the [Petitioner's] vehicle.

The [Petitioner] and Snead took the victim to a cemetery near Limestone Cove in Unicoi County. They forced her to drink a beverage containing alcohol. Both the [Petitioner] and Snead drank from the bottle. The [Petitioner] raped the victim at knife point on two occasions. Snead, who was also armed, raped the victim on one occasion. The [Petitioner] abetted the rape committed by Snead. They remained at Limestone Cove until dawn.

---

[2] The cases charging Snead with similar offenses were severed for trial.

[3] In the direct appeal opinion, the Petitioner's co-defendant's name is spelled "Snead." However, the opinion on direct appeal and post-conviction for the co-defendant spelled his name "Sneed." See State v. Terry Dean Sneed, No. 03C01-9702-CR-00076, 1998 WL 78330 (Tenn. Crim. App., Knoxville, Nov. 5, 1998); Terry D. Sneed v. State, No. E2010-00323-CCA-R3-PC, 2011 WL 862029 (Tenn. Crim. App., Knoxville, Mar. 14, 2011), perm to appeal denied, (Tenn. July 15, 2011).

The [Petitioner] drove to a Roadway Inn in Johnson City. It was the intention of both the [Petitioner] and Snead to rape the victim at the motel. When Snead asked an employee of the motel if a room was available, he told Snead there was a room available, but he was too intoxicated to lease a room. Snead exited the vehicle for the purpose of fighting the employee. The victim exited the vehicle. The [Petitioner] caught her. He told the employee it was just a lover's spat. The victim broke loose a second time and ran to the motel's office. She called the police. The [Petitioner] and Snead got into the car and drove away.

The victim made a courtroom identification of the [Petitioner] as the perpetrator of the offenses, and she identified the knife the [Petitioner] used in committing these offenses. DNA testing and analysis established the semen found in the victim's vagina matched the blood of the [Petitioner]. The victim's hair was found inside the [Petitioner's] motor vehicle. Fibers consistent with the shirt the [Petitioner] was wearing when committing the crimes were found on the victim's shirt and jeans.

State v. Billy Joe Smith, No. 03C-01-9508-CC-00250, 1997 WL 53453, at *1-2 (Tenn. Crim. App., Knoxville, Feb. 11, 1997) (footnote in original), aff'd, Ruff v. State, 978 S.W.2d 95 (Tenn. 1998). This Court affirmed the Petitioner's convictions on direct appeal, concluding that the trial court did not abuse its discretion by denying the Petitioner's multiple requests for an expert witness to re-evaluate him and that the indictments returned by the Carter County and Unicoi County grand juries were legally sufficient. See Smith, 1997 WL 53453, at *8. After granting the Petitioner permission to appeal, our supreme court also affirmed the Petitioner's convictions, concluding that the failure of indictments to allege the specific mental state required for aggravated rape and aiding and abetting aggravated rape did not invalidate the Petitioner's convictions. See Ruff, 978 S.W.2d at 98-100.

On November 16, 1998, approximately two months after our supreme court issued its opinion affirming the Petitioner's convictions, the Petitioner filed a pro se petition for post-conviction relief in the Unicoi County Circuit Court. Thereafter, the Petitioner filed an amended petition, followed by a "clarification" of his petition. Having no knowledge of our supreme court's opinion and believing the opinion of this Court to be the final action in the Petitioner's case, the post-conviction court dismissed the petition as untimely. The Petitioner filed a notice of appeal to this Court.

On August 8, 2000, the Petitioner filed a motion to reopen his post-conviction petition[4] in the post-conviction court. He also filed an amendment to this motion. On September 28, 2000, the post-conviction court granted the Petitioner's motion, finding that the petition was timely filed. The Petitioner voluntarily dismissed his appeal in this Court. Furthermore, the post-conviction court ordered the appointment of counsel to assist the Petitioner; however, the Petitioner continued to file numerous pro se pleadings concerning his post-conviction action.

In July and August 2001, the Petitioner filed motions in the Tennessee Supreme Court, seeking the recusal of all judges and employees of the district attorney's office in the First Judicial District and requesting the appointment of a judge and prosecutor from another district. Our supreme court denied the Petitioner's motion for recusal of all judges in the First Judicial District.

Thereafter, in August 2001, the Petitioner made "application to testify" before the Unicoi County Grand Jury. This request was granted, and a transport order was entered to have the Petitioner before the grand jury on November 19, 2001, at 1:00 p.m. The Petitioner filed a motion to recuse the grand jury foreman and for the appointment of a special foreman; he also filed for an intermediary to assist him in his appearance before the grand jury. The post-conviction court denied these two motions relative to the Petitioner's appearance before the grand jury. The Petitioner then sought to stay the proceedings in order to appeal the post-conviction court's ruling on these two motions to this Court. After filing an interlocutory appeal, we likewise denied the Petitioner's motion to recuse the grand jury foreman.

In December 2001, in the Tennessee Supreme Court, the Petitioner sought recusal of the post-conviction judge, The Honorable Robert E. Cupp, due to an alleged conflict of interest because Judge Cupp had served as prosecutor in a related criminal case. Our supreme court denied the Petitioner's request to recuse Judge Cupp.

Following another application by the Petitioner, the post-conviction court again granted his request to appear in front of the Unicoi County Grand Jury, ordering his transport to the Unicoi County Courthouse on March 15, 2002, for a hearing at 1:00 p.m. before the grand jury. The Petitioner continued to file pro se pleadings regarding his scheduled appearance before the grand jury. In May 2002, the grand jury issued its findings. The panel found no basis for the allegation made by him concerning several members of the grand jury, and the panel failed to see how the grand jury could have been chosen to "frame" him.

---

[4] He also titled this document as a writ of habeas corpus. He later voluntarily dismissed the habeas corpus claim.

-4-

Counsel filed a motion to withdraw from the Petitioner's case and was relieved from representation on March 15, 2002. On several occasions, the Petitioner's newly appointed counsel requested additional time to file an amended petition, which requests were granted. Nonetheless, the Petitioner continued to file multiple pro se pleadings, including a motion for change of venue. On December 4, 2003, the Petitioner filed a motion to replace counsel, and counsel then filed a motion to withdraw. The post-conviction court appointed new counsel on December 12, 2003. The Petitioner continued to file pro se pleadings, including a "Brief and Argument On Behalf of Billy Joe Smith"; "Motion for Violation of Due Process of Laws by the Prosecution and Defense Attorney"; "Motion to Dismiss All Indictments"; "Motion for Defendant being Therten [sic] by Investgated [sic] Debbie Bar[r]on[,] Steve Smith [,and] Johnson City Police Dept."; and "Motion Disqualification by Interestor [sic] relationship."

In December 2003, the parties agreed that, in an effort to get the Petitioner's and his co-defendant's cases resolved, it would be more convenient to have matters heard in Johnson County, rather than Unicoi County. It was also determined that, because the Petitioner and his co-defendant generally "raised identical issues" in their petitions, the cases would be joined for heaing in an effort to expedite their completion. On April 7, 2005, the post-conviction court entered an order stating that, although the attorneys for the Petitioner and his co-petitioner[5] had been ordered to file amended petitions in their respective cases, it was apparent that "nothing [was] being done on these matters," as it was four months past the deadline set by the court. The post-conviction court gave the attorneys until June 1, 2005, to file their amended petitions. However, on December 20, 2005, the court was required to replace the Petitioner's counsel because she had moved to Florida. New counsel was again appointed and ordered to file an amended petition within thirty days. An amended petition was finally filed on July 5, 2006.

On October 6, 2008, in order to provide a "fresh approach" to these "stalled" proceedings, the post-conviction court judge recused himself and transferred the case to another Johnson County Circuit Court Judge, The Honorable R. Jerry Beck, "to provide the incentive to move these Writs[.]" In this order, the post-conviction court also noted that much of the latest delay was because the co-petitioner's counsel had developed some medical problems. Inexplicably, the Petitioner, who had previously sought the recusal of Judge Cupp, moved to prevent him from recusing himself from this case; however, this motion was denied by Judge Beck, who noted that Judge Cupp had been ill.

---

[5] Due to the unusual nature of these proceedings, we must refer to Terry Dean Sneed as both the co-defendant and co-Petitioner.

The Petitioner, with the assistance of counsel, again moved to recuse the district attorney's office for the First Judicial District and requested the appointment of a special prosecutor. The case was set for a hearing on March 18, 2009, but the co-petitioner filed a notice of appeal to this Court, again delaying the proceedings. The premature appeal was dismissed. On March 24, 2009, the Petitioner filed a pro se amendment to his grounds for post-conviction relief.

Ultimately, a full evidentiary hearing was held in the Johnson County Circuit Court on November 23 and 25, 2009. At the evidentiary hearing, the Petitioner relied upon the allegations contained in his pro se petition filed on November 16, 1998, the amended post-conviction petition filed by his attorney on July 5, 2006, and a second amended petition for post-conviction relief, which was entered as an exhibit to the hearing, but is not a part of the technical record on appeal. The twenty-eight-page pro se petition filed on November 16, 1998, is lengthy, rambling, and confusing. As noted by the post-conviction court, the petition does not contain a clear and specific statement of grounds for relief and, furthermore, contains bare allegations of constitutional violations and mere conclusions of law, finding "it impossible to determine what relief the Petitioner was seeking." Many of the allegations attacked the legality of the grand jury and petit jury, the sufficiency of the indictments, the voluntariness of his statement given to authorities, the legality of the search of the private cemetery, the actions or inaction of trial counsel, the familial relationship between the prosecutor with the victim, the validity of the DNA evidence, and the actions of the trial court in consolidating the cases for trial in Unicoi County.[6]

Following the presentation of proof and arguments of counsel, the post-conviction court denied relief. The Petitioner timely appealed the post-conviction court's action. On appeal, he contends that the post-conviction court (1) abused its discretion by denying his motion for a continuance, (2) abused its discretion by denying his motion to reopen the proof, (3) erred by denying "all issues" he raised for post-conviction relief, and (4) failed to timely hold an evidentiary hearing on his petition. The State argues that the post-conviction court acted within its discretion in denying the Petitioner's motion for a continuance, that the post-conviction court properly determined that the Petitioner's claims surrounding the suppression of the evidence were either waived or previously determined, that the Petitioner failed to provide support for his "blanket allegation that the post-conviction court erred by denying

---

[6] The Petitioner was indicted in Carter County for the aggravated robbery and aggravated kidnapping offenses. He was indicted in Unicoi County, however, for the rape offenses. The trial court consolidated the cases for trial in Unicoi County by agreement of the parties.

his petition," and that the Petitioner waived his claim that he was prejudiced by the delay in the post-conviction hearing.

## Analysis

### I. Post-Conviction Standard of Review

In order to obtain post-conviction relief, a petitioner must show that his or her conviction or sentence is void or voidable because of the abridgment of a constitutional right. Tenn. Code Ann. § 40-30-103. To sustain a petition for post-conviction relief, a petitioner must prove his or her factual allegations by clear and convincing evidence at an evidentiary hearing. See Tenn. Code Ann. § 40-30-110(f); Momon v. State, 18 S.W.3d 152, 156 (Tenn. 1999). Upon review, this Court will not reweigh or re-evaluate the evidence below; all questions concerning the credibility of witnesses, the weight and value to be given their testimony, and the factual issues raised by the evidence are to be resolved by the post-conviction judge, not the appellate courts. See Momon, 18 S.W.3d at 156; Henley v. State, 960 S.W.2d 572, 578-79 (Tenn. 1997). The post-conviction judge's findings of fact on a petition for post-conviction relief are afforded the weight of a jury verdict and are conclusive on appeal unless the evidence preponderates against those findings. See Momon, 18 S.W.3d at 156; Henley, 960 S.W.2d at 578.

### II. Denial of Continuance

The Petitioner argues that the post-conviction court should have granted his request for a continuance due to the unavailability of three material witnesses—Darlene Hill, Debbie Barron, and Steve Smith. The State argues that the post-conviction court acted within its discretion in denying the motion for a continuance and that the Petitioner has failed to show that denial of his motion for a continuance affected the outcome of the proceedings.

Prior to the evidentiary hearing, the Petitioners issued approximately sixty-one subpoenas for witnesses to appear to testify. The district attorney filed a motion to quash many of these subpoenas, and a hearing was held on November 5, 2009. The Petitioners voluntarily withdrew some subpoenas, and the court quashed others.[7] The post-conviction court permitted the Petitioner to issue subpoenas for Darlene Hill, Debbie Barron, and Steve Smith.

The Petitioner alleged that Darlene Hill, a member of the petit jury, was a relative of his step-father's and was his co-defendant's cousin. It was also alleged that Ms. Hill's uncle

---

[7] No transcript of this hearing is included in the record on appeal.

had been the victim of a crime by the co-defendant. Debbie Barron and Steve Smith were officers with the Johnson City Police Department; the Petitioner alleged that these officers coerced him into giving a confession, including threatening to place him in a jail cell with someone who would kill him. An issue was also raised as to whether these two officers had jurisdiction to investigate these matters. These three witnesses did not appear on November 23, as the subpoenas had not been served. The court allowed the subpoenas to be re-issued for November 25, 2009, after again inquiring about the nature of their testimony. When the witnesses were again not able to be located to appear for the proceedings, the post-conviction court denied the Petitioner's request for a continuance to secure their appearance before the court. The Petitioner then requested the proceedings be stayed and he be granted an interlocutory appeal on this issue, which request was denied by the post-conviction court.

"[T]he granting or denying of a continuance is a matter which addresses itself to the sound discretion of the trial judge." Moorehead v. State, 409 S.W.2d 357, 358 (Tenn. 1966) (citing Bass v. State, 231 S.W.2d 707, 710-11 (Tenn. 1950)). An abuse of discretion is demonstrated by showing that the failure to grant a continuance denied the defendant a fair hearing or that it could be reasonably concluded that a different result would have followed had the continuance been granted. State v. Hines, 919 S.W.2d 573, 579 (Tenn. 1995) (citing State v. Wooden, 658 S.W.2d 553, 558 (Tenn. Crim. App. 1983)). "The burden rests upon the party seeking the continuance to show how the court's action was prejudicial. The only test is whether the defendant has been deprived of his rights and an injustice done." State v. Goodman, 643 S.W.2d 375, 378 (Tenn. Crim. App. 1982) (citing Baxter v. State, 503 S.W.2d 226, 230 (Tenn. Crim. App. 1973)). Tennessee Supreme Court Rule 28, section 8(B) provides that an evidentiary hearing "shall not be continued except by order of the court finding that unforeseeable circumstances render a continuance a manifest necessity."

On the first day of the evidentiary hearing, the co-petitioner requested that the clerk's office reissue any unserved subpoenas in a final attempt to locate several witnesses who had been "unservable" in the months preceding the evidentiary hearing, apparently including the Petitioner's witnesses, Debbie Barron, Steve Smith, and Darlene Hill. At the end of the proof on November 23, the post-conviction court made it clear that it intended to conclude the proceedings on November 25, and that any remaining witnesses should be presented at that time. The post-conviction court delayed completion of the evidentiary hearing for an additional day in an effort to allow counsel time to locate the witnesses. Nevertheless, they could not be located.

The Petitioner asserts that the post-conviction court "was under the impression that the witnesses could not be found, and no addresses were known for the witnesses." The Petitioner submited that the officers could be found by delivering their subpoenas to their

police department, as was discussed at the hearing, and the Petitioner also claimed at the hearing to have a valid address for Darlene Hill. He argues that post-conviction court abused its discretion in denying a continuance "due to the court's desire to finish the case as quickly as possible[.]"

A subpoena was first issued for Darlene Hill following the motion to quash on November 5; to the best of counsel's knowledge it was returned unserved. Counsel stated that service was attempted again on November 24 after the first day of the evidentiary hearing. Counsel further stated that, also on November 24, subpoenas for Officers Barron and Smith were sent to the Johnson City Police Department and that this was likewise the second attempt to serve them. The post-conviction action had been pending ten years at the time it came to hearing; the post-conviction court's desire to conclude these cases was not unreasonable. The post-conviction court noted that the Petitioner would have been aware of kinship with Ms. Hill at the time the jury was sworn, that he was not aware of any law that prohibited a relative of a victim of a crime by the co-defendant to serve on the Petitioner's jury, and that the Johnson City Police Officers had jurisdiction to investigate these crimes.

A petitioner's right to compulsory process for obtaining witnesses in his or her favor is not absolute. State v. Smith, 639 S.W.2d 677, 680 (Tenn. Crim. App. 1982). The Petitioner has failed to demonstrate that any of these witnesses would have offered material evidence. Under these circumstances, we conclude that the post-conviction court did not abuse its discretion by denying further continuances. See Sneed 2011 WL 862029, at *3

## III. Denial of Motion to Reopen Proof

The Petitioner also asserts that the post-conviction court erred by denying his motion to reopen the proof. When the post-conviction court reconvened on November 25, 2009, the Petitioner, through counsel, made an oral motion to reopen his proof. The State submits that the post-conviction court properly found that the issues the Petitioner sought to present were either waived or previously determined.

We note that at the evidentiary hearing, counsel referred to the motion as a motion to reopen his post-conviction petition. Tennessee Code Annotated section 40-30-102 provides, in pertinent part, that "[a] petitioner may move to reopen a post-conviction proceeding that has been concluded, under the limited circumstances set out in § 40-30-117." Tenn. Code Ann. § 40-30-102(c). Section 40-30-117 provides that motions to reopen are appropriate only in the following circumstances:

(1) The claim in the motion is based upon a final ruling of an appellate court establishing a constitutional right that was not recognized as existing at the time of trial, if retrospective application of that right is required. Such motion must be filed within one (1) year of the ruling of the highest state appellate court or the United States supreme court establishing a constitutional right that was not recognized as existing at the time of trial; or

(2) The claim in the motion is based upon new scientific evidence establishing that such petitioner is actually innocent of the offense or offenses for which the petitioner was convicted; or

(3) The claim asserted in the motion seeks relief from a sentence that was enhanced because of a previous conviction and such conviction in that case in which the claim is asserted was not a guilty plea with an agreed sentence, and the previous conviction has subsequently been held to be invalid, in which case the motion must be filed within one (1) year of the finality of the ruling holding the previous conviction to be invalid; and

(4) It appears that the facts underlying the claim, if true, would establish by clear and convincing evidence that the petitioner is entitled to have the conviction set aside or the sentence reduced.

Tenn. Code Ann. § 40-30-117(a). Further, that statute sets forth the procedural guidelines for the filing of motions to reopen. See Tenn. Code Ann. § 40-30-117(b)-(c).

The majority of the proof was introduced at the evidentiary hearing on November 23, 2009, and the court recessed to give the Petitioners time to subpoena additional witnesses and gather certain evidence. Two days later, on November 25, 2009, when the court reconvened, no additional witnesses were present to testify. The Petitioner then made an oral motion to reopen the proof as to the issue of the voluntariness of his statement.[8] At the time the Petitioner made his motion, the post-conviction proceeding had not been concluded because the post-conviction court had not yet made a determination as to the merits of the claims. In consequence, the Petitioner's request would not be governed by the guidelines of Tennessee

---

[8] The Petitioner also alleges that he moved to reopen proof on the issue of whether the search of the cemetery was unreasonable. However, counsel for his co-petitioner sought simply to introduce a warranty deed and a deed of correction showing that the cemetery belonged to members of the petitioners' families. After reviewing the deeds, the post-conviction court found that the petitioners did not have standing to challenge to search.

Code Annotated section 40-30-117; a fact that the Petitioner acknowledges in his brief in this appeal.

The post-conviction court made the following determination about the reopening of proof in regards to the Petitioner's statement:

> He certainly had an opportunity at trial. Trial counsel raised the issue. Couched it in terms of his insanity or weakness. I think there was an insanity defense in it. And seems like an afterthought, since it went up on direct appeal. . . .
>
> You could put different twists on these. Well, we took it up to say it wasn't any good because he was insane or incompetent to waive his rights. Now he's saying he didn't get his rights or was tortured or something.
>
> No, it was raised on direct appeal. I'm not prone to reopen that issue or allow further proof.

The Petitioner notes that the issue was included in his original and amended petitions and, then, submits that the post-conviction court abused its discretion "because it made the assumption that just because an issue is constitutionally sufficient because of one reason, no other reasons exist which would strip it of that status of clearing the constitutional threshold."

"It is well settled that permitting additional proof, after a party has announced that proof is closed, is within the discretion of the trial court, and unless it appears that its action in that regard has permitted injustice, its exercise of discretion will not be disturbed on appeal." Simpson v. Frontier Community Credit Union, 810 S.W.2d 147, 149 (Tenn. 1991) (citing State v. Bell, 690 S.W.2d 879, 882 (Tenn. Crim. App. 1985)). "Unless the evidence sought to be introduced on a motion to reopen proof is such as would show a different result would probably occur, the action of the trial judge in refusing to reopen the proof will not be set aside." Bell, 690 S.W.2d at 882.

While the Petitioner correctly argues that it is possible to challenge a confession on more than one legal ground, we conclude that he has failed to establish that the outcome of his post-conviction proceeding would have been different had the post-conviction court permitted additional proof on the issue. See Donald Terry Moore v. State, No. M2002-02417-CCAMR3-PC, 2004 WL 1144015, at *5 (Tenn. Crim. App., Nashville, May 21, 2004). The Petitioner provided nothing more than a bare allegation that he was coerced by police officers into giving a statement. Even if Officers Debbie Barron and Steve Smith had appeared at the evidentiary hearing, it is unlikely that either officer would have admitted to

the level of coercion alleged by the Petitioner. In our view, the Petitioner is not entitled to relief on this issue.

## IV. Denial of Post-Conviction Issues

As his next issue, the Petitioner alleges that the post-conviction court erred by denying his petition for post-conviction relief "as to all grounds raised by the [Petitioner]." The State asserts that the Petitioner has waived consideration of this issue because he has not provided argument in support of each of his allegations.

Rule 27 of the Tennessee Rules of Appellate Procedure provides in relevant part as follows:

> The brief of the appellant shall contain . . . [a]n argument, which may be preceded by a summary of argument, setting forth the contentions of the appellant with respect to the issues presented, and the reasons therefor, including the reasons why the contentions require appellate relief, with citations to the authorities and appropriate references to the record (which may be quoted verbatim) relied on.

Tenn. R. App. P. 27(a); see also Harvey v. State, 749 S.W.2d 478, 479 (Tenn. Crim. App. 1987). "Issues which are not supported by argument, citation to authorities, or appropriate references to the record will be treated as waived in this court." Tenn. Ct. Crim. App. R. 10(b).

The State correctly points out that Petitioner makes a "blanket allegation that the post-conviction court erred by denying his petition and simply re-lists the allegations in his petition without providing any argument in support of each individual allegation." His allegations of error again include an improper indictment, the voluntariness of his statement, the legality of the grand jury and petit jury, the reasonableness of the search of the private cemetery, the familial relationship between the prosecutor and the victim, the actions or inaction of trial counsel, the validity of the DNA evidence, and the consolidation of the cases for trial in Unicoi County. Only one of the ten allegations contains any citation to the record and, on most of his issues, the Petitioner makes no argument at all.

The Petitioner does elaborate briefly on three issues. Regarding the voluntariness of his statement, he again only states generically that the post-conviction court erred by denying relief. As for the petit jury issue, he states that the post-conviction court erred and, then, references his previous argument that the court should have granted his motion to continue because the witness, presumably Darlene Hill, could have been located. We have already

found his continuance argument to be without merit. He goes on to detail the issue regarding the sufficiency of the aiding and abetting indictment. He contends that the post-conviction court erred because, although the court made an oral ruling from the bench finding the issue to be without merit relying on the analysis by this Court in the co-defendant's direct appeal, Sneed, 1998 WL 783330, at *6-7, the court failed to address the issue in its order denying relief. The oral ruling is sufficient, and we see no need to revisit the issue.

In sum, the Petitioner has failed to comply with Rule 27, Tennessee Rules of Appellate Procedure, which requires that he "[set] forth the contentions . . . with respect to the issues presented, and the reasons therefor," as to why appellate relief is required. Tenn. R. App. P. 27(a)(7); see also Tenn. Ct. Crim. App. R. 10(b). This court is not required to conduct an independent search for errors into the multi-issue ruling of the post-conviction court. Accordingly, this issue challenging "all grounds raised by" the Petitioner is waived.

**V. Delay in Hearing**

As his final issue, the Petitioner submits that he was prejudiced "due to the extremely long period of time that the case was pending before the [c]ourt before an evidentiary hearing was held." He further contends that he "was prejudiced because evidence was lost, witnesses became not-readily available, and the principal witnesses' memories were insufficient to recall specific facts over such a long period of time." The State counters that "[n]othing in the record indicates that the [P]etitioner did not have 'the opportunity to be heard at a meaningful time and in a meaningful manner.' Stokes v. State, 146 S.W.3d 56, 61 (Tenn. 2004)."

The Post Conviction Procedure Act provides in relevant part that the court to whom the post-conviction case is assigned shall, upon examination of all records and documents pertinent to the case, dismiss the case or enter a preliminary order designating further consideration of the case within thirty days of the date of the original filing or of an amended petition. Tenn. Code Ann. § 40-30-106. Also, the State, upon receiving the petition from the court clerk, shall file an answer within thirty days, unless extended for good cause. Tenn. Code Ann. § 40-30-108. However, failure by the State to timely respond does not entitle the petitioner to relief under the Post-Conviction Procedure Act. Id. The court shall review the case after the State's response is filed. Tenn. Code Ann. § 40-30-109. If the petition is not dismissed, the judge shall enter an order within thirty days after the filing of the State's response setting an evidentiary hearing. Id. The evidentiary hearing shall be within four calendar months of the entry of the court's order. Id. Such deadline may be extended only by order of the court based upon a finding that unforeseeable circumstances render a continuance a manifest necessity. Such extension shall not exceed sixty days. Id. Upon the conclusion of the proof, the court shall rule within sixty days. Tenn. Code Ann. § 40-30-

111(d). Such deadline may be extended only by order of the court based upon a finding that unforeseeable circumstances render a continuance a manifest necessity. Id. Such extension shall not exceed thirty days. Id.

We agree that the evidentiary hearing in this post-conviction proceeding was delayed much longer than it should have been. We, like this Court in the co-petitioner's appeal, note that much of the 10-year delay in bringing this action to a hearing can be attributed to the Petitioners. Sneed, 2011 WL 862029, at * 1. There were prolific pro se filings by *both* Petitioners over the years, and numerous appeals to this Court, which proved equally futile, generally because *both* Petitioners filed appeals of particular rulings in the absence of any final judgment from the post-conviction court. Also, the Petitioner, like his co-petitioner, "filed lawsuits against virtually every person involved in the trial of his case, including attorneys, judges, grand jurors, petit jurors, law enforcement personnel, and other court personnel." Id.

The Petitioner submits that his case was delayed because it was consolidated with his co-petitioner's and that he "was forced to wait until all of the issues with Snead's [sic] case were resolved before he could be provided with his evidentiary hearing." However, the post-conviction court joined the cases in an effort to expedite their completion. Moreover, in the co-petitioner's appeal to this Court, we found that the post-conviction court did not abuse its discretion by joining the cases for a hearing:

> Although unorthodox, no rule or statute of post-conviction procedure precludes such a procedure. Furthermore, the petitioner has failed to show that he was prejudiced by this procedure, other than his general allegation that "[i]t is unquestionable that [he] would have received more attention from the judge if his Motion for Severance was granted." We discern no prejudice from the record before us.

Id. at *2.

Regardless, this Court has previously held that the post-conviction court's noncompliance with the time strictures of the Post-Conviction Procedure Act does not entitle a petitioner to post-conviction relief. We have stated that nothing in the Post-Conviction Procedure Act prescribes either a remedy or a sanction for a post-conviction court's failure to comply with the time limits set out in the Act. See Paul Graham Manning v. State, No. M2005-02876-CCA-R3-PC, 2007 WL 4116487, at *13 (Tenn. Crim. App., Nashville, Nov. 13, 2007) (citing Kelvin Wade Cloyd v. State, No. E2003-00125-CCA-R3-PC, 2003 WL 22477866, at *17 (Tenn. Crim. App., Knoxville, Nov. 3, 2003); Johnny O. Clark v. State, No.

W2001-02856-CCA-R3-PC, 2002 WL 1841630, at *10 (Tenn. Crim. App., Jackson, Aug. 8, 2002)). Moreover, the Petitioner has not shown any prejudice resulting from such delays.

Due process in the post-conviction setting requires that the petitioner have "'the opportunity to be heard at a meaningful time and in a meaningful manner.'" Stokes, 146 S.W.3d at 61 (quoting House v. State, 911 S.W.2d 705, 711 (Tenn. 1995)). After our review of the record, we conclude that Petitioner was provided a full and fair hearing on his claims for post-conviction relief as required by law.

## Conclusion

We agree with the post-conviction court that the Petitioner failed to establish entitlement to post-conviction relief. Accordingly, the order of the Johnson County Circuit Court denying post-conviction relief is affirmed.

_____
DAVID H. WELLES, SPECIAL JUDGE