IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs November 7, 2012

**BRIAN BOX v. DAVID GARDNER**

**Direct Appeal from the Circuit Court for Fayette County**
**No. 2011-CV-71      Weber McCraw, Judge**

---

**No. W2012-00631-COA-R3-CV - Filed December 26, 2012**

---

Homeowner and Contractor filed competing suits against one another in the general sessions
court. Homeowner was awarded $1,500.00 against Contractor; Contractor's suit against
Homeowner was dismissed. Contractor then appealed to the circuit court. The circuit court
dismissed all actions filed by both parties, finding that the construction contracts required
arbitration of disputes. Homeowner appeals and we affirm.

**Tenn. R. App. P. 3; Appeal as of Right; Judgment of the Circuit Court Affirmed**

ALAN E. HIGHERS, P.J., W.S., delivered the opinion of the Court, in which DAVID R.
FARMER,J., and HOLLY M. KIRBY, J., joined.

Nancy Leonard Harvey, Somerville, Tennessee, for the appellant, David Gardner

David L. Douglas, Somerville, Tennessee, for the appellee, Brian Box

## I.  FACTS & PROCEDURAL HISTORY

On December 1, 2010 and February 26, 2011, respectively, Brian Box ("Contractor") and Dave Gardner ("Homeowner") entered into a "Homeowner/Contractor Agreement" and a "Remodeling Contract" (sometimes hereinafter "construction contracts") providing for Contractor to perform $53,709.00 in remodeling work at Homeowner's home in Somerville.

According to the parties' briefs to this Court, Homeowner, acting *pro se*, filed suit against Contractor in the Fayette County General Sessions Court alleging that Contractor had damaged Homeowner's home.[2]  Contractor, also acting *pro se*, then sued Homeowner in the general sessions court (Case No. 24GS1-2011-CV-149) alleging breach of contract and seeking $5,962.00 in damages.  Contractor claims that "[t]he cases were combined and heard together in the General Sessions Court of Fayette County on May 5, 2011."  Homeowner, however, states that "[t]he cases were never consolidated."

On May 5, 2011, Judgment was entered for Homeowner on Contractor's claim.  According to Homeowner's brief, Homeowner was awarded a judgment of $1,500.00 in his claim against Contractor.  He does not state, however, when a hearing was held on his claim or when such a judgment was allegedly entered.[3]

Contractor filed a Notice of Appeal to the Fayette County Circuit Court on May 11, 2011, appealing "the decision rendered in this General Sessions court case on 05/05/11."  Contractor claims that he intended to appeal from *both* general sessions cases; however, no

---

[1]Rule 10 of the Rules of the Court of Appeals of Tennessee states:
This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value.  When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION", shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

[2]The Civil Summons does not appear in the record.  Both parties' briefs state that Homeowner's general sessions suit was numbered 24GSI-2011-CV-122.

[3]In a later filing with the circuit court, Homeowner seemed to acknowledge that both cases were heard together, as he stated that "In the previous case of Gardner v. Box, evidence was presented by defendant (Dave Gardner) to the General Sessions court and testimony was heard from both the plaintiff (DAVE GARDNER) and defendant (BRIAN BOX).  Presiding General Sessions Court Judge viewed all information and material and evidence presented and thus rendered a verdict awarding [Homeowner] $1,500 and dismissed the defendant's case."

specific general sessions docket number appealed from appears on the Notice of Appeal.

A circuit court hearing was initially scheduled for July 25, 2011. For reasons not apparent from the record,[4] the matter was reset to November 28, 2011. On November 23, 2011, Contractor filed a Motion to Dismiss claiming that both of the construction contracts required the arbitration of disputes, and therefore that both the general sessions court and the circuit court lacked jurisdiction over the case. A hearing on Contractor's motion was scheduled for November 28, 2011, but again, for reasons not apparent from the record, the hearing was reset for December 7, 2011.

On December 5, 2011, Homeowner filed his "Response to Motion to Dismiss" arguing that the "Remodeling Contract" was invalid, and therefore that its arbitration clause was unenforceable, because, he claimed, when it was executed on February 26, 2011, Contractor's license had lapsed. Homeowner, however, insisted that his $1,500.00 judgment against Contractor should be upheld.

The case was apparently reset again for January 26, 2012. On January 12, 2012, the circuit court clerk received the following letter from Homeowner:

> I[,] Dave Gardner, attorney pro-se in the above case am requesting an extension of the hearing date to March 1, 2012. The reason for this request is due to my being hospitalized in the VA Hospital from January 3, 2012 until the latter part of February for a number of medical procedures to be performed during this stay. I am requesting this extension in order to have adequate time to recover and resume representation in my case.

Homeowner did not appear at the January 26, 2012 hearing. Following the hearing, the circuit court entered an Order, on February 21, 2012, denying Homeowner's request for a continuance, noting that the case had previously been continued and that Contractor's counsel had not been copied on Homeowner's letter. The circuit court further found, after reviewing the "Homeowner/Contractor Agreement" and the "Remodeling Contract," that arbitration of the parties' disputes was required, and therefore, that "[Contractor's] action was never proper before the General Sessions or Circuit Court of Fayette County[.]" Thus, the circuit court ordered that "all actions filed by both parties in this matter are hereby dismissed."

---

[4]Contractor claims that he appeared at the July 25, 2011 hearing with counsel and dropped his request for a jury trial, but that Homeowner, who appeared *pro se*, orally moved for a jury trial causing the trial court to reset the matter "for review and status."

Homeowner timely filed his Notice of Appeal to this Court on February 27, 2012. Homeowner then filed a Statement of the Evidence on May 8, 2012. The circuit court, however, found Homeowner's statement "incorrect," noting that

> [Homeowner] was not present at the final hearing on January 26, 2012 and did not offer any evidence into the record nor was he present to object or respond at the hearing when the Court considered [Contractor's] Motion to Dismiss. Evidence referred to in [Homeowner's] Statement of the Evidence was taken from the hearing in General Sessions court and not evidence at the Circuit Court hearing.

Homeowner made no attempt at a second statement of the evidence, and he has filed no transcript in this case.

## II.   ISSUES PRESENTED

Homeowner presents the following issues for review, as summarized:

1.     Whether the trial court erred in denying his request for a continuance;

2.     Whether the trial court erred in determining that arbitration of the parties' disputes was required; and

3.     Whether the trial court erred in dismissing Homeowner's suit against Contractor.

For the following reasons, we affirm the decision of the circuit court.

## III.   STANDARD OF REVIEW

The record before us contains neither a transcript nor an approved statement of the evidence. The appellant bears the burden of preparing a record which "'conveys a fair, accurate and complete account of what transpired in the trial court with respect to those issues which form the basis of the appeal.'" *Nickas v. Capadalis*, 954 S.W.2d 735, 742 (Tenn. Ct. App. 1997) (quoting *State v. Boling*, 840 S.W.2d 944, 951 (Tenn. Crim. App. 1992)). Without a transcript or a sufficient statement of the evidence, we must assume that "there was sufficient evidence before the trial court to support its judgment." *Outdoor Mgmt., LLC v. Thomas*, 249 S.W.3d 368, 377 (Tenn. Ct. App. 2007) (citing *McKinney v. Educator & Exec. Insurers, Inc.*, 569 S.W.2d 829, 832 (Tenn. Ct. App. 1977)). Our review is limited to those issues for which an adequate legal record has been preserved–errors of law

based upon the technical record. We will address each issue presented to determine whether the record is sufficient for our review.

## IV. DISCUSSION

### *A. Denial of Continuance*

We first address Homeowner's claim that the circuit court erred in denying his request for a continuance from the January 26, 2012 hearing on Contractor's Motion to Dismiss. "The granting or denial of a motion for a continuance lies in the sound discretion of the court." **Blake v. Plus Mark, Inc.**, 952 S.W.2d 413, 415 (Tenn. 1977) (citing *Moorehead v. State*, 409 S.W.2d 357, 358 (Tenn. 1966)). "The ruling on the motion will not be disturbed unless the record clearly shows abuse of discretion and prejudice to the party seeking a continuance." **Id.** (citing *State v. Strouth*, 620 S.W.2d 467, 472 (Tenn. 1988)); *see also Comm'r of Dep't of Transp. v. Hall*, 635 S.W.2d 110, 111 (Tenn. 1982) ("[I]n order to show an abuse of discretion, the plaintiff must show some prejudice or surprise which arises from the trial court's failure to grant the continuance.") (citing *Brady v. State*, 584 S.W.2d 245 (Tenn. Crim. App. 1979)). Under the abuse of discretion standard, we must consider "(1) whether the decision has a sufficient evidentiary foundation; (2) whether the trial court correctly identified and properly applied the appropriate legal principles; and (3) whether the decision is within the range of acceptable alternatives." *State ex rel. Moore v. Moore*, No. W2007-01519-COA-R3-JV, 2008 WL 2687672, at *3 (Tenn. Ct. App. July 3, 2008) (citing *State ex rel. Vaughn v. Kaatrude*, 21 S.W.3d 244, 248 (Tenn. Ct. App. 2000)). We are required to uphold the trial court's ruling "as long as reasonable minds could disagree about its correctness," and "we are not permitted to substitute our judgment for that of the trial court." **Caldwell v. Hill**, 250 S.W.3d 865, 869 (Tenn. Ct. App. 2007).

In considering a motion for a continuance, trial courts should consider "(1) the amount of time the proceedings have been pending, (2) the reasons for the continuance, (3) the diligence of the parties seeking the continuance, and (4) the prejudice to the requesting party if the continuance is not granted." **Burks v. Spurlin**, No. M2006-00122-COA-R3-CV, 2007 WL 1341769, at *2 (Tenn. Ct. App. May 7, 2007) (citing *Nagarajan v. Terry*, 151 S.W.3d 166, 172) (Tenn. Ct. App. 2003)).

On appeal, Homeowner claims that he acted diligently "by filing his request for a continuance as soon as he knew he would be in the hospital during the time of the final hearing." He claims that the only prior continuance he sought was from the November 28, 2011 hearing due to Contractor's filing of his Motion to Dismiss only five days prior. Furthermore, he argues that Contractor would not have been prejudiced by a continuance, and to the contrary, that *he* was prejudiced "in that he was denied the right to defend his

claim that [Contractor] acted fraudulently by representing to [him] that he would perform the construction as set out in the contracts when, in fact, [Contractor] was not a licensed contractor in Tennessee at the time the construction was to be performed."

In response, Contractor argues that not only was the continuance from November 28, 2011 to December 7, 2011 granted at Homeowner's request, but that the continuance from December 7, 2011 to January 26, 2012 was necessitated by Homeowner's failure to respond to Contractor's Motion to Dismiss until December 5, 2011. Contractor further argues that he was prejudiced by Homeowner's failure to notify him of his request for a continuance because he and his counsel appeared for trial. Additionally, Contractor implies that although Homeowner sent a letter to the circuit court *clerk*, that the circuit court *judge* was not apprised of his request until the date of the scheduled hearing.

As stated above, the circuit court denied Homeowner's request for a continuance, briefly noting that the case had previously been continued and that Contractor's counsel had not been copied on Homeowner's continuance request letter. Without a transcript or a statement of the evidence to review, this Court simply has no basis for concluding other than that the circuit court did not abuse its discretion in denying Homeowner's request for a continuance.

### B. *Arbitration of Disputes*

Having determined that Homeowner's request for a continuance was properly denied, we next consider whether the circuit court erred in determining that the arbitration provisions set forth in the "Homeowner/Contractor Agreement" and the "Remodeling Contract" were binding upon the parties. Specifically, the "Homeowner/Contractor Agreement" provided:

> 6. BINDING ARBITRATION: Claims or disputes relating to the Agreement or General Provisions will be resolved by the Construction Industry Arbitration Rules of the American Arbitration Association (AAA) unless both parties mutually agree to other methods. The notice of demand for arbitration must be filed in writing with the other part to this Agreement and with the AAA and must be made in a reasonable time after the dispute has arisen. The award rendered by the arbitrator (s) will be considered final and judgment may be entered upon it in accordance with applicable law in any court having jurisdiction thereof.

Similarly, the "Remodeling Contract" contained the following provision:

**XIII.  Dispute Resolution**
All the parties will cooperate with each other to resolve conflicts informally. In the event that is not possible, conflicts between the parties will be resolved by ........ [ellipsis in original]
The conflict will be decided according to the Construction Industry Rules of the American Arbitration Association, and the laws of the state where the project is located.  The arbitrator will award reasonable costs and expenses, including attorney fees, to the prevailing party.

On appeal, Homeowner claims that "[b]y entering into the construction contracts with [him,] [Contractor] was representing to [Homeowner] that he was a licensed contractor in Tennessee, and, could perform the remodeling construction on [Homeowner's] home." However, he claims that Contractor never produced a Tennessee contractor's license and, therefore, that he was denied a building permit for Homeowner's home.  Homeowner maintains that a *Tennessee* contractor's license was required for the project, and that because Contractor lacked such, that he is not entitled to enforce the construction contracts–including the arbitration provisions.[5]

In response, Contractor argues that he is licensed, by the State of Mississippi, as a residential building contractor. Contractor maintains that Homeowner's project was secured by an FHA loan and that "[t]here is nothing in these contracts or required by this federal project for [Contractor] to be licensed in Tennessee."  However, Contractor acknowledges that his Mississippi license temporarily lapsed–from February 1, 2011 to March 1, 2011–according to Contractor, "as a result of a $100.00 renewal fee not being submitted timely[.]"

In its Order, the circuit found in relevant part:
[T]he Court has reviewed the ["Homeowner/Contractor Agreement" and the "Remodeling Contract"] and found that the parties in both of the contracts dated 12-1-10 and 2-26-11 both showed that dispute resolution was agreed upon and contracted with the parties to resolve under the Construction Industries Arbitration Association.

. . . .

---

[5]In his "Response to [Contractor's] Motion to Dismiss," Homeowner took a different approach; he argued that Contractor's *Mississippi* license had expired on February 1, 2011, and therefore, that the "Remodel Contract" executed on February 26, 2011, was invalid.

IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED that the Defendant's action was never proper before the General Sessions or Circuit Court of Fayette County, Tennessee and therefore all actions filed by both parties in this matter are hereby dismissed.

. . . .

IT IS FURTHER ORDERED that either party seeking any dispute resolution in this matter must pursue under the terms of both contracts and appropriately file any said disputes according to the Construction Industry Arbitration Rules of the American Arbitration Association.

There is simply nothing in the record, beyond the parties' arguments, from which this Court can determine the specific licensure requirements in this case.[6] Moreover, there is no evidence from which we can conclude whether such requirements were met.[7] Accordingly, we must again assume that there was sufficient evidence before the trial court to support its conclusion that the parties were bound by the arbitration provisions set forth in the construction contracts. *See Outdoor Mgmt., LLC*, 249 S.W.3d at 377 (citations omitted).

### C. *Homeowner's General Sessions Suit*

Finally, we will address Homeowner's contention that Contractor appealed *only* the dismissal of Contractor's suit–and *not* the $1,500.00 judgment rendered in Homeowner's suit against Contractor–and therefore, that the trial court lacked jurisdiction to dismiss "*all* actions filed by both parties in this matter[.]"

Contractor concedes that his Notice of Appeal does not reference any general sessions

---

[6]Homeowner submitted seven exhibits to the circuit court clerk post-trial on August 17, 2012. These exhibits, which concern *pre*-trial facts, do not appear relevant to the issues on appeal, and in any event, we cannot consider these exhibits on appeal. *See* **Tenn. R. App. P. 13(c)** ("The . . . Court of Appeals . . . may consider those facts established by the evidence *in the trial court* and set forth in the record and any additional facts that may be judicially noticed or are considered pursuant to Rule 14[, which involved *post*-judgment facts]."). (emphasis added).

[7]Attached to Homeowner's "Response to Motion to Dismiss" is a printout indicating the "expiration date" of Contractor's Mississippi license is "1/31/2011[.]" This document did not become "evidence" simply because Homeowner attached it to his pleading, *see Pinney v. Tarpley*, 686 S.W.2d 574, 579 (Tenn. Ct. App. 1984), and in any event, because the date of the printout is not listed, it is unclear whether the "expiration date" was a past or future event.

docket numbers, but he contends that "[a]ll parties including the trial judge believed that the cases up for appeal were [the] judgment entered in favor of [Homeowner] in docket no. 2011-CV-122 and the dismissal of [Contractor's] claim in docket no. 2011-CV-149[.]" Additionally, Contractor points out that in Homeowner's Response to Motion to Dismiss, Homeowner argued that his $1,500.00 judgment against Contractor should be upheld. Contractor states that the issue of whether the $1,500.00 judgment was appealed to the circuit court was never raised in the trial court.

As stated above, the parties dispute whether the competing general sessions claims were consolidated; however, Homeowner seems to concede that both claims were heard on May 5, 2011–the date of the judgment/s appealed to the circuit court. From our review of the minimal record in the case, we cannot determine whether Homeowner challenged the inclusion of his $1,500.00 judgment in Contractor's appeal. If anything, it appears that Homeowner believed the judgment *was* included in the appeal. In sum, Homeowner has presented no evidence from which we can conclude that the trial court lacked jurisdiction over his $1,500.00 judgment against Contractor, and therefore, that the trial court erred in dismissing such.

## V.   CONCLUSION

For the aforementioned reasons, we affirm the decision of the circuit court. Costs of this appeal are taxed to Appellant, Dave Gardner, and his surety, for which execution may issue if necessary.

_____
ALAN E. HIGHERS, P.J., W.S.

-9-