# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE
### Assigned on Briefs December 17, 2024

## STATE OF TENNESSEE v. RUSSELL LENARD

**Appeal from the Criminal Court for McMinn County**
**No. 23-CR-184, 24-CR-318      Andrew M. Freiberg, Judge**

FILED

JAN 15 2025

Clerk of the Appellate Courts
Rec'd by

**No. E2024-00752-CCA-R3-CD**

The defendant, Russell Lenard, appeals the order of the trial court revoking his probation and ordering him to serve the remainder of his six-year sentence in confinement. Upon our review of the record and the parties' briefs, we affirm the revocation and the disposition of the defendant's probation.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

J. ROSS DYER, J., delivered the opinion of the court, in which ROBERT W. WEDEMEYER, J., and D. KELLY THOMAS, JR., S.J., joined.

Timothy W. Wilson, Cleveland, Tennessee, for the appellant, Russell E. Lenard.

Jonathan Skrmetti, Attorney General and Reporter; Brooke A. Huppenthal, Assistant Attorney General; Shari Tayloe, District Attorney General; and Andrew Castle, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

### Facts and Procedural History

On October 2, 2023, the defendant pled guilty to two counts of aggravated assault of a domestic abuse victim. The defendant received a six-year sentence to be served on probation.

On February 11, 2024, the defendant was arrested for driving under the influence and retaliation for past action. After his arrest, a probation revocation hearing was held

alleging the defendant had violated Rules #1 and #10 of his probation.[1] On April 29, 2024, prior to the commencement of the hearing, defense counsel orally requested a continuance, stating, "I've been trying to work to get him into a treatment program. I just haven't received an acceptance letter yet." The State contested the request, and the trial court denied the motion.

The State presented the testimony of Trooper Becky Nye. Trooper Nye testified that on February 11, 2024, she observed a blue pickup truck enter the highway and fail to maintain a lane. Consequently, Trooper Nye initiated a traffic stop and encountered the defendant. During the stop, Trooper Nye described the defendant as "uncooperative." He refused to roll his window down, provide identification, or answer any of Trooper Nye's questions. Additionally, the defendant claimed he was a "sovereign citizen." Trooper Nye testified that after placing the defendant under arrest, the defendant stated, "[I]f you tow my vehicle, I'm going to kill all of you involved, including you. . . I can do it from 300 yards away. You don't even have to see me. You don't know who you're dealing with. Play stupid games, win stupid prizes." Trooper Nye described the defendant's level of intoxication as high. A judgment of conviction against the defendant was entered into evidence, showing the defendant had been convicted of driving under the influence, Tenn. Code Ann. § 55-10-401, and due care, Tenn. Code Ann. § 55-8-136.

Michelle Lenard, the defendant's former wife and a victim in his underlying conviction for aggravated assault of a domestic abuse victim, also testified at the hearing. Ms. Lenard identified several text messages that the defendant sent to R.L.[2], her minor child, an act prohibited by the defendant's condition of probation.

After hearing the proof, the trial court found the defendant violated the terms of his probation. As to Rule #1, the trial court accredited the testimony of Trooper Nye, as well as the defendant's conviction for driving under the influence. As to Rule #10, the trial court accredited the testimony of Ms. Lenard and found that the defendant had contacted R.L. in violation of the special condition of his probation. The trial court then made the determination to revoke the defendant's probation based upon those violations.

The trial court then turned to the second issue of the hearing: the disposition of the revocation. The trial court, *sua sponte*, called Marquita Jones, a probation parole officer with the Tennessee Department of Correction, to testify. Ms. Jones testified that as part of

---

[1] The probation violation warrant is absent from the record. However, the parties' briefs agree the warrant alleged the defendant had violated Rule #1, requiring him to obey the laws of the United States, by driving under the influence and retaliation for past action. The warrant further alleged that the defendant had violated Rule #10, a special condition of his probation prohibiting contact with the minor child, R.L., by contacting the minor through text messages.

[2] Per the policy of this Court, we will refer to the minor victim by his initials.

the defendant's entrance to probation, a risk and needs assessment was completed. The defendant's assessment indicated he was a high-risk of re-offense for violence with high needs to residential, family, mental health, and employment.

The defendant, testifying on his own behalf, claimed that he is "not a physically violent person," but an alcoholic who came from an unstable childhood. The defendant testified that both his original conviction for aggravated assault and the current probation violation of driving under influence were because of his alcoholism. The defendant requested the trial court reprobate him so that he could seek treatment outside of confinement.

After considering the evidence and the arguments of counsel, the trial court explicitly noted that it sought to impose the least severe measure necessary to achieve justice and to encourage alternatives to incarceration. However, due to the violent nature of the defendant's underlying case and his threats to Trooper Nye, the trial court found the defendant to be a danger to the public. The trial court gave weight to the defendant's risk assessment and found that "measures less restrictive than confinement have both frequently and recently been applied to the defendant." Ultimately, the trial court ruled that the least severe measure is revocation to serve and sentenced the defendant to serve the remainder of his sentence in the Tennessee Department of Correction.

This timely appeal followed.

### *Analysis*

On appeal, the defendant contends the trial court erred by denying his motion for continuance, by revoking his probation, and ordering him to serve the remainder of his six-year sentence in confinement. Specifically, the defendant argues the trial court failed to consider any alternative punishment and failed to put sufficient findings on the record to support its decision to issue a full revocation. The State contends the trial court was within its discretion when it both denied the defendant's motion for continuance and revoked his probation to serve. We agree with the State.

### I.     The Trial Court's Denial of Defendant's Motion for Continuance

The defendant asserts the trial court erred when denying his motion for a continuance at the probation revocation hearing. A decision to grant a continuance lies within the sound discretion of the court. *See State v. Russell*, 10 S.W.3d 270, 275 (Tenn. Crim. App. 1999). The trial court's denial of a motion for continuance will only be overturned where the trial court abused its discretion, and the denial resulted in prejudice to the defendant. *State v. Thomas*, 157 S.W. 3d 361, 392 (Tenn. 2005) "An abuse of

discretion is demonstrated by showing that the failure to grant a continuance denied [the] defendant a fair trial or that it could be reasonably concluded that a different result would have followed had the continuance been granted." *Id.* (internal citations omitted).

Here, the defendant's request for continuance was based entirely on his counsel's statement to the trial court, "I've been trying to work to get him into a treatment program. I just haven't received an acceptance letter yet." Because it is unclear whether the defendant had been accepted into a treatment program prior to the hearing, it was within the trial court's discretion to deny the motion to continue. Moreover, not only was the motion made on the morning of the hearing, but the defendant has also failed to demonstrate how he was prejudiced by the trial court's refusal to grant the continuance, or even that a different result would have followed. *See Moorehead v. State*, 409 S.W.2d 357, 358 (Tenn. 1966). Accordingly, this issue is without merit.

## II.    The Trial Court's Determination of Revocation and Disposition

A trial court's decision to revoke probation is reviewed for an abuse of discretion with a presumption of reasonableness "so long as the trial court places sufficient findings and the reasons for its decisions as to the revocation and the consequence on the record." *State v. Dagnan*, 641 S.W.3d 751, 759 (Tenn. 2022). "A probation revocation proceeding ultimately involves a two-step inquiry. A trial court, upon finding by a preponderance of the evidence that a defendant violated the conditions of his probation must determine (1) whether to revoke probation, and (2) the appropriate consequence to impose upon revocation." *Id.* at 753.

### a.  The Trial Court's Decision to Revoke the Defendant's Probation

A trial court has statutory authority to revoke a suspended sentence upon finding that the defendant violated the conditions of the sentence by a preponderance of the evidence. Tenn. Code Ann. § 40-35-310, -311; *see State v. Turner*, No. M2012-02405-CCA-R3-CD, 2013 WL 5436718, at *2 (Tenn. Crim. App. Sept. 27, 2013). "The trial judge has a duty at probation revocation hearings to adduce sufficient evidence to allow him to make an intelligent decision." *State v. Leach*, 914 S.W.2d 104, 106 (Tenn. Crim. App. 1995) (citing *State v. Mitchell*, 810 S.W.2d 733, 735 (Tenn. Crim. App. 1991)). If a violation is found by the trial court during the probationary period, the time within which it must act is tolled and the court can order the defendant to serve the original sentence in full. Tenn. Code Ann. § 40-35-310; *see State v. Lewis*, 917 S.W.2d 251, 256 (Tenn. Crim. App. 1995).

To overturn the trial court's revocation, the defendant must show the trial court abused its discretion. *See State v. Shaffer*, 45 S.W.3d 553, 554-5 (Tenn. 2001). In

- 4 -

revocation cases, the trial court abuses its discretion when the "record contains no substantial evidence to support the conclusion of the trial court that a violation of the conditions of probation has occurred." *Id.* at 554 (citing *State v. Harkins*, 811 S.W.2d 79, 82 (Tenn. 1991)). "The evidence need only show the trial judge has exercised conscientious judgment in making the decision rather than acting arbitrarily." *Stamps v. State*, 614 S.W.2d 71, 73 (Tenn. 2022).

In the case at bar, the State presented the testimony of Trooper Nye that established the defendant drove while under the influence and made threats to Trooper Nye's life. Accrediting the testimony of Trooper Nye, the trial court found there was satisfactory evidence that the defendant had violated the terms of his probation as to Rule #1. Further, the trial court accredited the testimony of Ms. Lenard that the defendant contacted the minor, R.L., in violation of the conditions of his probation as to Rule #10. Upon review, the record contains sufficient proof to support the trial court's decision. Therefore, the trial court did not abuse its discretion in revoking the defendant's probation. The defendant is not entitled to relief on this issue.

### b. The Trial Court's Decision to Sentence the Defendant to Confinement

Having concluded that the trial court's determination to revoke the defendant's probation was not an abuse of discretion, this Court must separately review the trial court's determination of the consequence imposed on the defendant. When a defendant's probation is revoked, the trial court has "discretionary authority to: '(1) order confinement; (2) order execution of the sentence as originally entered; (3) return the defendant to probation on appropriate modified conditions; or (4) extend the defendant's probationary period by up to two years.'" *State v. Fleming*, No. E2017-02352-CCA-R3-CD, 2018 WL 6787580, at *2 (Tenn. Crim. App. Dec. 26, 2018) (quoting *State v. Brawner*, No. W2013-01144-CCA-R3-CD, 2014 WL 465743, at *2 (Tenn. Crim. App. Feb. 4, 2014)) (citations omitted).[3] "The determination of the proper consequences of the probation violation embodies a separate exercise of discretion." *Id.* (citing *State v. Reams*, 265 S.W.3d 423, 430 (Tenn. Crim. App. 2007)).

While it is "not necessary for the trial court's findings to be particularly lengthy or detailed, sufficient reasoning must exist to promote meaningful appellate review." *Dagnan*, 641 S.W.3d at 759 (*citing State v. Bise*, 380 S.W.3d 682, 705-06 (Tenn. 2012)). Moreover, this Court has repeatedly held that "an accused, already on [suspended sentence], is not entitled to a second grant of probation or another form of alternative sentencing." *State v. Walden*, 2022 WL 17730431 *4 (Tenn Crim. App. December 16,

---

[3] Tenn. Code Ann. §40-35-308(c)(1) statutorily limits trial courts to a maximum of one year extension of probation.

2022) (quoting *State v. Brumfield*, No. M2015-01940- CCA-R3-CD, 2016 WL 4151178, at *8 (Tenn. Crim. App. Aug. 10, 2016) (citations omitted)).

Here, the trial court's decision to order the defendant to serve the remainder of his sentence in confinement was not an abuse of discretion. The trial court stated that measures less restrictive than confinement had been previously applied and violated within four months of commencement. Further, the trial court relied upon the defendant's assessment as a high-risk to re-offend to determine that he was a danger to the public. The trial court sufficiently recorded the facts it considered and its reasoning for its determination. Therefore, the trial court's determination that the most appropriate sentence for the defendant was full revocation was not an abuse of discretion.

## Conclusion

Based on the foregoing, we affirm the judgment of the trial court.

s/ J. ROSS DYER
J. ROSS DYER, JUDGE